UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Chapter 11

SCRUB ISLAND DEVELOPMENT              Case No. 8:13-bk-15285-MGW
GROUP LIMITED,

Debtor.                                     *Emergency Relief Requested*
_____/            *Without the Necessity of a Hearing*

## DEBTOR'S EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b) [1]

SCRUB ISLAND DEVELOPMENT GROUP LIMITED ("**SIDG**" or the "**Debtor**"), as debtor and debtor in possession, by and through its undersigned attorneys, hereby files its Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) (the "**Motion**"), and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with the related Chapter 11 case of Scrub Island Construction Limited ("**SICL**") pending before this Court (the "**Related Case**"). In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28

---

[1] A companion Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) has been simultaneously filed in the related Chapter 11 case of Scrub Island Construction Limited, Case No. 8:13-bk-15286-MGW, which is pending before this Court.

U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1.

### Background

3. On November 19, 2013 (the "**Petition Date**"), SIDG and SICL (collectively, the "**Debtors**") filed with this Court their Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. Since the Petition Date, each of the Debtors has continued to operate its business and manage its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. SIDG, a company incorporated under the laws of the British Virgin Islands, has its principal place of business and corporate headquarters in Tampa, Florida. SIDG owns Scrub Island, which is a 230-acre island located in the British Virgin Islands consisting of Little Scrub Island and Big Scrub Island, which are connected by an isthmus between the islands. SIDG also owns the Scrub Island Resort, Spa & Marina (the "**Scrub Island Resort**"), which is an award-winning boutique luxury resort located on Little Scrub Island that opened in February 2010 and features, among other things, (i) 26 ocean view guest rooms, (ii) 26 ocean view one bedroom suites, (iii) two, three, four and five bedroom hillside and ocean view villas, (iv) a 55-slip deep water marina designed to handle yachts up to 160 feet, (v) a multi-level lagoon-style swimming pool

with a waterfall, (vi) three restaurants, (vii) the Ixora Spa, (viii) a 25,000 square foot pavilion building which includes a lobby, administrative offices, a business center, restaurants, meeting rooms, and a private dining room, (ix) commercial space, including a retail boutique gift shop, a 3,000 square foot gourmet market, and a real estate sales office, and (x) a fitness center. The Scrub Island Resort is part of the prestigious Marriott Autograph Collection Hotel system pursuant to a Franchise Agreement, dated as of July 28, 2011, by and between Marriott International, Inc. and SIDG. Big Scrub Island consists of 170 acres and is designated for large estate homes and is fully entitled for the sale of 54 lots, seven of which have been sold or reserved. The sale and exclusive operator of the Scrub Island Resort and the sole and exclusive developer for Scrub Island is Mainsail Lodging & Development, a United States company which is headquartered in Tampa, Florida.

6. SICL, a company incorporated under the laws of the British Virgin Islands, has its principal place of business and corporate headquarters in Tampa, Florida. SICL is party to construction contracts with various United States citizens providing for the construction by SICL of villa residences on Little Scrub Island. SICL owns the construction contracts for those villa residences.

7. More detailed information regarding the Debtors' history and operations as well as the Scrub Island Resort can be found on SIDG's website at www.scrubisland.com and in the Debtors' Joint Chapter 11 Case Management Summary filed with the Court in this case [Doc. No. 5].

8. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

### Relief Requested and Grounds for Relief

9. By this Motion, the Debtor requests the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1 directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the Related Case.

10. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:

> **(b) Cases Involving Two or More Related Debtors.**
> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...

> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

11. The Debtors are related entities and affiliates within the meaning of Section 101(2) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure because Pamela McManus directly owns twenty percent (20%) or

more of the issued and outstanding shares in each of the Debtors. Therefore, this Court may order the joint administration of the estates of the Debtors.

12. The Debtor requests that all pleadings in both Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SCRUB ISLAND DEVELOPMENT GROUP LIMITED, | Case No. 8:13-bk-15285-MGW |
| | Jointly Administered with |
| SCRUB ISLAND CONSTRUCTION LIMITED, | Case No. 8:13-bk-15286-MGW |
| Debtors._____/ | |

The Debtor further requests that all pleadings in the Debtors' Chapter 11 cases be filed and maintained under Debtor SIDG's case number (which was the earlier filed case).

13. The Debtor submits that unnecessary and expensive duplication can be avoided by jointly administering the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for the following reasons:

    a. To expedite the administration of their Chapter 11 cases, the Debtors will be filing other "first day" pleadings affecting both of the Debtors. Absent joint administration, the Debtors will need to immediately file several other motions regarding operational issues and several accompanying notices, orders, and other pleadings. Joint

        administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving the same pleadings with different captions, thereby saving the Debtors considerable time and expense, as well as conserving judicial and Court resources in scheduling and maintaining the separate pleadings.

    b.    Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving multiple sets of differently captioned but otherwise identical pleadings during the Debtors' Chapter 11 cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of the Debtors' Chapter 11 cases.

    c.    Joint administration may avoid or reduce expenses associated with two (2) separate Section 341(a) meetings of creditors and may permit the Debtors' management to appear at one joint meeting of creditors.

According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for the matters occurring in the administration, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "<u>that may aid in expediting the cases and rendering the process less costly</u>." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases. In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each Debtor.

    14.    The Debtors' respective creditors will not be adversely affected by the joint administration of the Debtors' Chapter 11 cases, since joint administration of these

cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of the Debtors' Chapter 11 cases. Moreover, each creditor will still file its claim against a particular estate.

15. The Debtor does not believe that any of the relief herein requested would create a conflict of interest between creditors of the different estates.

### Notice

16. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code. Notice of this Motion has been given by (i) the Court's CM/ECF Transmission or electronic mail transmission to the Office of the United States Trustee for the Middle District of Florida, counsel to FirstBank Puerto Rico, and counsel to Marriott International, Inc., and (ii) United States first class mail to the twenty (20) largest unsecured creditors of each of the Debtors (as listed on Exhibit A attached hereto). The Debtor submits that, given the administrative nature of the relief requested herein, no other or further notice need be given. Accordingly, the Debtor requests that the Court enter an order finding that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

### Basis for Emergency Relief

17. If the Debtors' Chapter 11 cases are not jointly administered from the outset, the unnecessary and expensive duplication will be burdensome and oppressive to

the Debtors, their creditors, counsel, and the Court. Certainly, the relief sought would be of considerably greater value if granted immediately. Pursuant to Local Rule 1015-1(b), the Court may consider this Motion with or without a hearing at the Court's discretion. The Debtor believes that the granting of this relief without a hearing is in the best of the Debtors, their estates, and their creditors.

18.     The Debtors will file shortly various "first day motions" including (i) a motion for authority to use cash collateral, (ii) a motion for authority to obtain debtor in possession financing (to the extent necessary), (iii) a motion for authority to pay prepetition employee wages (to the extent necessary), (iv) an application to employ Stichter, Riedel, Blain & Prosser, P.A. as bankruptcy counsel, and (v) an application to employ Rocke, McLean & Sbar, P.A. as special litigation counsel to file an adversary proceeding against FirstBank Puerto Rico (collectively, the "**First Day Motions**"). The Debtor requests authority to file the First Day Motions (a) under the style identified in this Motion for the jointly administered cases, and (b) in the lead case only.

WHEREFORE, the Debtor respectfully requests entry of an order granting this Motion, directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the Related Case, and providing for such other and further relief as is just and proper.

Dated: November 20, 2013

*/s/ Charles A. Postler*
Harley E. Riedel (Florida Bar No. 183628)
Charles A. Postler (Florida Bar No. 455318)
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone:  (813) 229-0144
Facsimile:  (813) 229-1811
Email:  hriedel@srbp.com
          cpostler@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b)** with attached Exhibit A has been furnished on this 20th day of November, 2013, by (i) either the Court's CM/ECF Transmission or electronic mail transmission to:

Office of the United States Trustee

Josias N. Dewey, Esq.
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
joe.dewey@hklaw.com
Counsel to FirstBank Puerto Rico

Carren B. Shulman, Esq.
Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112
cshulman@sheppardmullin.com
Counsel to Marriott International, Inc.

and (ii) United States First Class Mail to the parties listed on Exhibit A attached hereto.

                                                    */s/ Charles A. Postler*
                                                    Charles A. Postler

**EXHIBIT A**

Atlantic Southern
P.O. Box 469
Roadtown, Tortola VG1110
,

BVI Electricity
PO Box 268
Roadtown, Tortola VG1110

Delta Petroleum
PO Box 3318
Pasea, Tortola VG1110,

Digicel
P.O. Box 4168
Roadtown, Tortola VG1110

Enjoy Life
PMB 370
1353 St 19
Guaynabo, PR 00966-2700

Frett, Joseph
c/o Orion Law
Jayla Place, PO Box 216
Road Town, Tortola, VG1110,

ICT Management Serviced Ltd
PO Box 2221
Roadtown, Tortola VG1110,

K Mark's Foods Ltd
PO Box 830
Roadtown, Tortola VG1110,

L'Occitane, Inc.
1430 Broadway
2nd Floor
New York, NY 10018

Mainsail B.V.I. Limited
4602 Eisenhower Blvd
Tampa, FL 33634

Mainsail BVI Property Management, LLC
4602 Eisenhower Blvd.
Tampa, FL 33634

Mainsail Central, LLC
4602 Eisenhower Blvd
Tampa, FL 33634

Mainsail Development International
4602 Eisenhower Blvd.
Tampa, FL 33634

Mainsail Management Group
4602 Eisenhower Blvd
Tampa, FL 33634

Mainsail Suites Hotel
4602 Eisenhower Blvd
Tampa, FL 33634

Marriott Execustay
4602 Eisenhower Blvd
Tampa, FL 33634

Marriott International, Inc.
c/o Lisa Greenlees, Esquire
10400 Fernwood Rd.
Bethesda, MD 20817

O'Neal & Mundy Shipping Co
PO Box 61
Pasea Estate, Tortola VG1110

Supa Valu Ltd
PO Box 820
Roadtown, Tortola VG1110,

Withers Worldwide
10890 NW 29th St.
Miami, FL 33172

Art Linares and David Foster
242 Toby Hill Rd
Westbrook, CT 06498

Blue Water Traders
c/o Oscar Juelle
PMB 302 Suite 9A, B-5 Calle Tabonuco
Guaynabo, PR 00968

MHLSC Management
c/o Michael McCann
3004 Georgetown
Houston, TX 77005

Oscar Rivera
664 Calle Concordia
San Juan, PR 00907

Pablo Dardet
MCS Plaza, Suite 809
255 Ponce de Leon Ave
Hato Rey, PR 00917

Thomas Frederick
10705 Lake Alice Cove
Odessa, FL 33556