**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SCRUB ISLAND DEVELOPMENT GROUP LIMITED,** | **Case No. 8:13-bk-15285-MGW** |
| | **Jointly Administered with** |
| **SCRUB ISLAND CONSTRUCTION LIMITED,** | **Case No. 8:13-bk-15286-MGW** |
|     **Debtors.** | |
| _____/ | |
| **SCRUB ISLAND DEVELOPMENT GROUP LIMITED,** | **Case No. 8:13-bk-15285-MGW** |
|     **Applicable Debtor.** | |
| _____/ | |

**INTERIM ORDER GRANTING**
**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF**
**INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH**
**COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO**
**11 U.S.C. §§ 105(a), 361, 363, 541 AND 552 AND BANKRUPTCY RULE 4001**

THIS CASE came on for hearing before the Court on November 22, 2013, at 9:30 a.m. (the "**Hearing**"), upon the Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to 11 U.S.C. §§ 105(a), 361, 363, 541 and 552 and Bankruptcy Rule 4001 [Doc. No. 12] (the "**Motion**")[1]. Pursuant to the Motion, Scrub Island Development Group

---

[1] Unless otherwise indicated, capitalized terms used in this Order shall have the meaning ascribed to such terms in the Motion.

Limited (the "**Debtor**") seeks the entry of interim and final orders authorizing the Debtor to use Cash Collateral in which FirstBank Puerto Rico ("**FirstBank**") asserts a lien and security interest. An objection to the Motion was filed by FirstBank [Doc. No. 20] (the "**FirstBank Objection**").

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) FirstBank and its counsel, (iii) all other known secured creditors of the Debtor, (iv) counsel to Marriott International, Inc., and (v) the twenty (20) largest unsecured creditors of each of the Debtors and that no other or further notice is necessary. The Court considered the Motion and the FirstBank Objection, together with the record and the arguments of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED**:

1. Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of these jointly administered Chapter 11 cases as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is GRANTED to the extent set forth hereinbelow.

3. It is the intent of the Court, by this Order, to reserve unto all parties all legal and equitable rights and duties and to preserve the status quo pending further proceedings. As a result, any right, objection, factual assertion or legal argument not

specifically addressed and ruled upon herein shall remain as it was prior to the entry of this Order.

4. Subject to the terms of this Order, the Debtor is authorized to use up to $16,554.89 of the Cash Collateral on an interim basis effective as of November 19, 2013 and continuing through and including December 6, 2013 (the "**Expiration Date**"), only for the purpose of paying the prepetition compensation owing its employees located in the United States, as to which FirstBank announced on the record at the Hearing it had no objection. The Debtor is authorized to pay such prepetition compensation from its Tampa, Florida bank accounts. At the Final Hearing (as defined below), the Court will consider the Debtor's request to use Cash Collateral after the Expiration Date.

5. This Order shall continue in effect through the Expiration Date pending any other subsequent order of this Court directed specifically to this Order. The date and time of the final hearing on the use of Cash Collateral (the "**Final Hearing**") shall be **December 5, 2013 at 1:30 p.m. and December 6, 2013 at 1:30 p.m.**

6. The Court makes no determination at this time as to the extent, priority, or validity of any security interest held by or the obligations owed to FirstBank prior to the Petition Date. Nothing contained herein shall preclude or restrict the Debtor, any creditors' committee or subsequently appointed trustee from challenging the validity, extent or priority of any claims, liens or obligations asserted or claimed by FirstBank and nothing herein set forth shall waive any claims, rights, or demands which the Debtors, any creditors' committee or subsequently appointed trustee possess or may assert against FirstBank.

7. The Court makes no determination at this time as to the extent to which it has jurisdiction over these Chapter 11 cases, nor does entry of this Order prejudice any subsequently filed motion of FirstBank seeking dismissal of, or abstention from presiding over, these Chapter 11 cases.

8. In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use Cash Collateral pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

9. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

December 06, 2013

**DONE** AND **ORDERED** at Tampa, Florida, on _____.

MICHAEL G. WILLIAMSON
United States Bankruptcy Judge

Attorney Charles A. Postler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.