UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Chapter 11

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,                                      Case No. 8:13-bk-15285-MGW

                                                    Jointly Administered with


SCRUB ISLAND CONSTRUCTION
LIMITED,                                            Case No. 8:13-bk-15286-MGW

            Debtors.

_____/


SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,                                      Case No. 8:13-bk-15285-MGW

            Applicable Debtor.

_____/


**LIMITED OBJECTION TO DEBTOR'S MOTION FOR
AUTHORITY TO OBTAIN POSTPETITION FINANCING AND
GRANT SENIOR LIENS AND SUPERPRIORITY ADMINISTRATIVE
EXPENSE STATUS PURSUANT TO 11 U.S.C. 364(c) AND F.B.R.P. 4001**

FirstBank Puerto Rico ("***FirstBank***"), in its capacity as the primary secured creditor of

the Debtors[1] in the above-captioned chapter 11 cases objects on a limited basis to debtor Scrub

Island Development Group Limited's ("***SIDG***") Motion for Authority to Obtain Postpetition

Financing and Grant Senior Liens and Superpriority Administrative Expense Status Pursuant to

11 U.S.C. § 354(c) and F.B.R.P. 4001 (the "***Motion***") (Doc. No. 67), in which SIDG seeks

authority to enter into post-petition debtor-in-possession ("***DIP***") financing from certain of its

---

[1] The Debtors are Scrub Island Development Group Limited and Scrub Island Construction Limited (collectively,
the "***Debtors***").

shareholders and directors (collectively, the "***DIP Lender***").[2]  In sum, SIDG proposes to obtain post-petition financing from the DIP Lender by: (i) granting the DIP Lender a "superpriority" administrative claim under 11 U.S.C. § 364(c)(1) that is superior to  all administrative expenses of the kind specified in 11 U.S.C. § 507(b); (ii) providing the DIP Lender with a 11 U.S.C. § 364(c)(2) lien on all of SIDG's assets located in the United States; and (iii) requiring the Court to discharge and terminate the receivership currently controlling FirstBank's collateral.

Specifically, FirstBank objects as follows:

1.     The DIP Lender appears to consist of three of the Debtors' shareholders.  These shareholders bear the risk of reorganization in a chapter 11 bankruptcy and should fund any operational shortfalls without the need for the extraordinary protection sought in the Motion or the need to prime unsecured creditors.

2.     FirstBank objects to the Motion or the granting of any administrative expense to DIP Lender which would result in the DIP Lender acquiring a lien over the Debtors' assets in the British Virgin Islands ("BVI") or being repaid from the Debtors' BVI assets.

3.     FirstBank objects to granting the DIP Lender a super priority administrative expense claim, which would give the DIP Lender a payment priority from the Debtors' Estate superior to all other claims of any type, including these arising under Section 507(b).  Such a lien is unnecessary and inappropriate for the DIP Lender at this point in the Chapter 11.  The Motion claims it only seeks to encumber the Debtors' assets in the United States but the granting of a super priority administrative expense claim could encumber more.

4.     FirstBank objects to the Motion because the Motion, and the financing condition precedent that the Receivership be terminated, appears to be an end run around FirstBank's rights

---

[2] The Motion states that the post-petition financing will come from CIH Loft LLC, Gary Eng, and VK Investments Limited, "or an entity to be formed by them."  (Doc. No. 67, p. 2.)

#26847305_v1

to seek to continue the Receivership through its Motion for Relief from Stay and First Bank's rights to seek excusal of the Receiver from turnover under Section 543 of the Bankruptcy Code.

**The Motion Should Also Be Denied Because It Fails to Provide Adequate Notice**

5.  SIDG has failed to provide interested parties with a proposed order.  In the absence of such documentation, FirstBank and other interested parties have not had a reasonable opportunity to review and evaluate other objectionable aspects of the proposed financing.  See Fed. R. Bankr. P. 1004(c)(1) (requiring that motion to obtain credit be accompanied by copy of agreement and proposed order).  FirstBank reserves its rights to bring such other objections to the Court's attention at or before the hearing scheduled in this matter.

## CONCLUSION

Borrowing on the terms proposed in the Motion may impair FirstBank's property interest in the Debtors' assets should the DIP Lender make a claim or assert a lien against FirstBank's collateral.  This Court should deny the Motion absent express language that the proposed financing does not, cannot, and will not result in any claim or lien being made against FirstBank's collateral.

WHEREFORE, FirstBank requests that this Court enter an Order denying the Motion; and granting FirstBank such other and further relief as may be just and proper.

Respectfully submitted this 17th day of December, 2013.

HOLLAND & KNIGHT LLP


/s/  W. Keith Fendrick
W. Keith Fendrick, Esq.
Florida Bar No. 0612154
keith.fendrick@hklaw.com
Michael P. Maguire
Florida Bar No. 84449

3

michael.maguire@hklaw.com
100 N. Tampa St., Suite 4100
Tampa, FL 33602
Phone: 813-227-8500;
Fax: 813-229-0134
*Attorneys for FirstBank Puerto Rico*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to the following:

Charles A. Postler, Esq. and Harley E. Riedel, Esq., Attorneys for the Debtors
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street – Suite 200
Tampa, FL 33602

and all other CM/ECF participants.

/s/ W. Keith Fendrick
Attorney

4

#26847305_v1