**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SCRUB ISLAND DEVELOPMENT** | |
| **GROUP LIMITED,** | **Case No. 8:13-bk-15285-MGW** |
| | **Jointly Administered with** |
| **SCRUB ISLAND CONSTRUCTION** | |
| **LIMITED,** | **Case No. 8:13-bk-15286-MGW** |
| Debtors. | |

_____/

**DEBTORS' EMERGENCY MOTION TO**
**COMPEL DISCOVERY FROM FIRSTBANK PUERTO**
**RICO IN CONNECTION WITH STAY RELIEF MOTION**

**[HEARING REQUESTED ON OR BEFORE JANUARY 24, 2014]**

Scrub Island Development Group Limited ("**SIDG**") and Scrub Island Construction Limited (SICL and together with SIDG, the "**Debtors**"), by and through their undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, made applicable by Rules 7037 and 9014 of the Federal Rules of Bankruptcy Procedure, request that the Court compel FirstBank Puerto Rico ("**FirstBank**") to respond to discovery requests served by the Debtors in connection with the upcoming hearing on FirstBank's Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code (Doc. No. 69) (the "**Stay Relief Motion**"), and in support thereof respectfully state as follows:

1.      On November 19, 2013 (the "**Petition Date**"), the Debtors filed with this Court their Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2.      On December 14, 2013, FirstBank filed its Stay Relief Motion.  In the Stay Relief Motion, among other grounds, FirstBank asserts that cause exists for relief from the automatic stay because the Debtors will not be able to confirm a plan over the objection of FirstBank, based on either its alleged unsecured deficiency claim or § 1111(b) election rights.  As previously stated in pleadings, the Debtors believe that they can confirm a plan, in part because sufficient grounds exist for equitable subordination, disallowance, or other set off or defenses against FirstBank's claims based on its prepetition acts.  See, Case Management Summary, Doc. No. 5, pp. 13-15; 19-20.

3.      A final hearing on the Stay Relief Motion currently is scheduled for February 5, 2014 at 9:30 a.m.  (Doc. No. 114.)  Discovery responses have been shortened to seven business days in connection with the hearing.  (Doc. No. 107.)

4.      On or about December 20, 2013, the Debtors served their First Requests for Production and First Set of Interrogatories to FirstBank. True and correct copies of the Discovery Requests are attached hereto as **Exhibit A**.  FirstBank has responded (the "**Discovery Responses**") to the Discovery Requests.[1]  The Discovery Responses are attached hereto as **Exhibit B**.

---

[1] FirstBank has agreed to produce non-privileged documents responsive to a number of the Discovery Requests, but has yet to produce all such documents.  To the extent that FirstBank does not produce all responsive, non-objectionable documents, the Debtors request that the Court compel such production.

5.      FirstBank objected on relevance grounds to a number of the Discovery Requests (the "**Disputed Requests**").  See, Exhibit B, Responses to RFP Nos. 3, 4, 5, 6, 7, and 9; Interrogatories Nos. 2-4, 6.  The Disputed Requests are relevant to the Stay Relief Motion because FirstBank must prove that the Debtors cannot confirm a plan, which in this case will require FirstBank to prove that its claim may not be subject to subordination and would otherwise not be subject to certain defenses and rights of set off. The Disputed Requests seek discovery of matters that are either (i) directly relevant and admissible or (ii) are reasonably calculated to lead to the discovery of admissible evidence on that issue.

6.      Accordingly, Debtors requests that this Court compel FirstBank to provide discovery as requested in the Disputed Requests pursuant to Rule 37 of the Federal Rule of Civil Procedure, made applicable by Rules 7037 and 9014 of the Federal Rules of Bankruptcy Procedure.[2]

7.      The parties have tentatively agreed to schedule depositions of representatives of FirstBank for Friday, January 31, 2014.  The Debtors request that the Court consider this motion not later than Friday, January 24, 2014, so that the discovery will be produced sufficiently in advance of the hearing on February 5, 2014 to allow the Debtors to adequately prepare for the depositions and the Stay Relief Motion.

8.      Counsel for the Debtors has conferred with counsel for FirstBank in good faith in an attempt to resolve this Motion.  FirstBank has not agreed to produce the

---

[2] The Debtors reserve their rights, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, as incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure, to request reasonable attorneys' fees and costs incurred to bring this Motion.

discovery.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order, the proposed form of which is attached as **Exhibit C**, compelling FirstBank to provide responses and responsive documents to the Disputed Requests on or before Wednesday, January 29, 2014, and granting such other and further relief as this Court deems just and proper.

Dated:  January 22, 2014.

_____/s/ Daniel R. Fogarty_____
Harley E. Riedel (Florida Bar No. 183628)
Daniel R. Fogarty (Florida Bar 0017532)
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone:      (813) 229-0144
Facsimile:       (813) 229-1811
Email:            hriedel@srbp.com
                     dfogarty@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **DEBTORS' MOTION TO COMPEL DISCOVERY FROM FIRSTBANK PUERTO RICO IN CONNECTION WITH STAY RELIEF MOTION** together with attached Exhibits A, B and C has been furnished on January 22, 2014, by (i) either the Court's CM/ECF Transmission or electronic mail transmission to Office of the United States Trustee and all other parties receiving electronic noticing.

_____/s/ Daniel R. Fogarty_____
Daniel R. Fogarty (Florida Bar 0017532)

H:\User\Scrub Island Development Group Limited\Motions\Compel Discovery by FirstBank - final.docx

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                           Chapter 11

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,                                   Case No. 8:13-bk-15285-MGW

                                                 Jointly Administered with

SCRUB ISLAND CONSTRUCTION
LIMITED,                                         Case No. 8:13-bk-15286-MGW

        Debtors.
_____/

## DEBTORS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO FIRSTBANK PUERTO RICO

TO:    FIRSTBANK PUERTO RICO
       c/o W. Keith Fendrick, Esq.
       keith.fendrick@hklaw.com
       HOLLAND & KNIGHT LLP
       100 N. Tampa St., Suite 4100
       Tampa, FL 33602
       Fax: 813-229-0134

        Scrub Island Development Group Limited and Scrub Island Construction Limited,

by and through their undersigned attorneys, in accordance with and as required by

Federal Rules of Civil Procedure 34, made applicable to this contested matter by Federal

Rules of Bankruptcy Procedures 7034 and 9014, hereby request that you produce all

materials described herein which are within your possession, custody or control or in the

possession, custody or control of your agents, representatives or attorneys, within seven

(7) days of the date of this Request, or within such time as the Court may direct, and to

permit the inspection, copying or reproduction thereof by the Debtors, their attorneys or

others acting on their behalf at the offices of Stichter, Riedel, Blain & Prosser, P.A., 110

Madison Street, Suite 200, Tampa, Florida, 33602, or at such time and place as may be

mutually agreed upon by counsel for the parties.

## DEFINITIONS

As used herein:

A.      "Bankruptcy Case" means the jointly-administered chapter 11 bankruptcy cases of the Debtors, Case No. 8:13-bk-15285.

B.      "Debtors" means Scrub Island Development Group Limited and Scrub Island Construction Limited, as well as any past or present individuals, agents, employees, officers, directors, shareholders and all other persons acting or purporting to act on their behalf.

C.      "You" or "Your" means FirstBank Puerto Rico, as well as any past or present individuals, agents, employees, officers, directors, shareholders, independent contractors, representatives, agents, trustees, accountants, appraisers, attorneys, or other professionals and all other persons acting or purporting to act on their behalf.

D.      An "affiliate" of a person means an individual or entity directly or indirectly controlling or controlled by such person or directly or indirectly under common control with such person.

E.      The term "document" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure including, but not limited to, all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, e-mails and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, video tape, recordings, motion pictures, plans, drawings, surveys).

F.      The term "each" includes the word "every" and "every" includes the word "each."

G.    The term "electronically stored information" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure including, but not limited to, all electronic, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings), metadata, and information stored on a computer, laptop, hand-held computer device, disk, CD, DVD, and any mechanical recording or production of any oral material.

H.    The term "identify" when used with respect to a document or electronically stored information means: (1) to specify the nature of the document or electronically stored information (e.g., letter, memorandum, etc.); (2) to state the date appearing on the document or electronically stored information, or if no date appears, the date on which such document or electronically stored information was prepared; (3) to describe in general the subject matter of the document or electronically stored information; (4) to identify each person who wrote, typed, signed, dictated, or otherwise participated in the preparation of the document or the electronically stored information; (5) to identify each person who was an addressee and all other persons receiving copies of the document or electronically stored information; (6) if the document or electronically stored information now exists, to identify each person having custody of the document or electronically stored information; and (7) if the document or electronically stored information does not now exist, to identify the person, date, time, and manner of the disposition.

I.    The term "identify" when used with respect to a person or persons or an individual or individuals, means: (1) to state the name, and present or last-known business and home address(es) and telephone number(s) of each such person or individual; (2) to state the name of the present or last-known employer, place of employment or business, and job title; and (3) if each such person or individual was affiliated at any time with any party to this litigation, by employment or other contractual relationship, stock ownership or otherwise, to state the nature and dates of such affiliation.

J.    The term "identify" when used with respect to a statement, contact or communication means: (1) to state whether it was written or oral, and if written to identify each document comprising or evidencing such statement, contact or communication; (2) to state the date and place of such statement, contact or communication; (3) to identify each individual participating therein and each individual who was present at the place or places of such statement, contact or communication; and (4) to state what was said by each participant in the course of such statement, contact or communication, or, if not known or recalled by you, the substance of such statement, contact or communication.

K.    The term "identify" when used with respect to an act, incident, event, conduct, occurrence or dealing(s) means, without limitation: (1) to state the date(s) and

place(s) thereof; (2) to identify all individuals involved and the nature of their involvement and all witnesses thereto; (3) to identify all communications pertaining thereto; (4) to provide a description and to state the substance thereof; and (5) to state the effect, result or disposition thereof.

L.    The term "individual" means any natural person.

M.    The term "person(s)" means any natural person, firm, corporation, partnership, sole proprietorship, estate, trust estate, business trust, joint venture, association, group, organization, or definable entity or any agent thereof.

N.    "Receiver" means Meade Malone of MWM Corporate Services Limited, as well as individuals, agents, employees, attorneys, and all other persons acting or purporting to act on his behalf.

O.    The term "referring" or "relating" to any given subject, when used to specify a document or electronically stored information, means any document or electronically stored information that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

P.    The term "Resort" means the Scrub Island Resort, Spa & Marina.

Q.    "Stay Relief Motion" means the Motion of FirstBank Puerto Rico for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code filed by You in the Bankruptcy Case on December 14, 2013 (Doc. No. 69).

R.    Any word written in the singular herein shall be construed as plural or *vice versa* when necessary to facilitate the response to any Request.

S.    Every Request herein shall be deemed a continuing Request and you shall supplement your answers promptly if and when you obtain responsive facts, documents, or electronically stored information which add to or are in any way inconsistent with your initial production.

T.    These discovery requests are not intended to be duplicative. All Requests should be responded to full and to the extent not covered by other Requests. If there are documents or electronically stored information that are responsive to more than one Request, then please so note and produce each such document or electronically stored information first in response to the Request that is more specifically directed to the subject matter of the particular document or electronically stored information.

U.    The documents and electronically stored information produced in response to this Request shall be organized and designated to correspond to the categories in the Request and produced in a form that accurately reflects how they are maintained by you in the normal course of business. All documents and electronically stored information

which cannot be produced as legible copies shall be produced in their original form.

      V.    Electronically stored information including emails should be produced in a format that is searchable. For ease of processing, Electronically Stored Information should be provided in native, pst and Tif (Tiff) formats, ideally with a "Summation" loadfile and extracted OCR file in the same directory. Tif (Tiff) Documents should have a DII load file, and a .dat file containing all available metadata. All .dat files should also include a Custodian file to identify who the production originated from. Processed e-mails should show parent/child relationships within the load file or accompanying .dat file, and include all related attachments.

      W.    If you claim that any document or electronically stored information responsive to this Request has been lost or destroyed, or it is otherwise unavailable, describe and identify the document or electronically stored Information by stating in writing the name(s) of the author(s), the name(s) of the person(s) receiving the original and all copies, the date and subject matter, the circumstances under which it was lost, destroyed or otherwise became unavailable, and your efforts to locate it.

      X.    If answering this Request, you claim any ambiguity in interpreting the Request or a definition or an instruction applicable thereto, you shall not utilize such claim as a basis for refusing to respond but you shall set forth in your response that language claimed to be ambiguous and the interpretation chosen or used by you in responding to the Request.

      Y.    When production of any document or electronically stored information in your possession is requested, such request includes documents and electronically stored information subject to your possession, custody, or control. In the event that you are able to provide only part of the document or electronically stored information called for in any particular Request, provide all document or electronically stored information that you are able to provide and state the reason, if any, for the inability to provide the remainder of the document or electronically stored information.

      Z.    With respect to each document which you presently intend to withhold from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

      (i)    the name and title of the author and/or sender and the name and title of the recipient;

      (ii)    the date of the document's origination;

      (iii)    the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

(iv)      the name and position, if any, of each person to whom the contents of the documents have previously been communicated by copy, exhibition, reading or substantial summarization;

(v)      a statement of the specific basis upon which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

(vi)      the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in the subparagraphs above.

## **TIME PERIOD**

Unless otherwise indicated, this Request refers to the period from January 1, 2010, through and including the present date.

## **INSTRUCTIONS**

1.     The documents produced in response to this Request shall be organized and designated to correspond to the categories in the Request and produced in a form that accurately reflects how they are maintained by you in the normal course of business.  All documents which cannot be legible copies are to be produced in their original form.

2.     This Request is continuing in nature and requires supplemental or additional responses in accordance with Federal Rules of Civil Procedure 26(e), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7026, if additional documents responsive hereto are obtained or discovered between the time of responding to the Request and the final disposition of this matter.

3.     If you claim that any document(s) responsive to this Request has been lost of destroyed, or it is otherwise unavailable, describe and identify the document by stating

Exhibit A

in writing the name(s) of the author(s), the name(s) of the person(s) receiving the original and all copies, the date and subject matter, the circumstances under which it was lost, destroyed, or otherwise became unavailable, and your efforts to locate it.

4.      If in answering this Request, you claim any ambiguity in interpreting the Request or a definition or instruction applicable thereto, you shall not utilize such claim as a basis for refusing to respond, but you shall set forth in your response that language claimed to be ambiguous and the interpretation chosen or used by you in responding to the Request.

5.      The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of this Request any document which might otherwise be considered to be beyond its scope.

6.      The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of this Request any document which might otherwise be considered to be beyond its scope.

## REQUEST FOR PRODUCTION

The following documents within your possession, custody or control shall be produced:

1.      All loan documents, whenever executed, related to the Debtors.

2.      All charges, liens, assignments, and security instruments, whenever executed, which you contend provides for a lien to You on any property of the Debtors.

Exhibit A

3.    The complete loan file(s) related to your claims against the Debtors, including but not limited to all minutes of Your committee and board meetings and all of Your internal correspondence.

4.    All Documents including electronically stored information reflecting or relating to communications by and between You and James Talton.

5.    All Documents including electronically stored information reflecting or relating to communications by and between You and Martin Smith.

6.    All Documents including electronically stored information reflecting or relating to communications by and between You and Bettina Grimsley.

7.    All Documents including electronically stored information reflecting or relating to communications by and between You and Joe C. Collier, III, Julianne Corlew, or the Debtors.

8.    All Documents including electronically stored information reflecting or relating to communications by and between You and the Receiver, or any other party you contacted or communicated with to serve or potentially act as a receiver with respect to the Resort or the Debtors.

9.    All Documents including electronically stored information reflecting or relating to communications by and between You and any third party related to the Debtors, the Resort, or your claims against the Debtors and the Resort, including but not limited to (a) any potential purchaser of your claim(s) against the Debtor or of the Resort, or (b) any party engaged by You to act as a broker, finder, investment banker, or agent to solicit offers for the sale of Your claim(s) against the Debtors or the sale of the Resort.

8

Exhibit A

10.    All Documents including electronically stored information reflecting or relating to communications by and between You and any creditors, vendors, suppliers, customers, utility providers, contracting parties, employees, or other actual or potential creditors of the Debtors.

11.    All Documents including electronically stored information reflecting or relating to communications by and between the Receiver and any creditors, vendors, suppliers, customers, contracting parties, employees, or other actual or potential creditors of the Debtors.

12.    All Documents including electronically stored information reflecting or relating to the value of the Resort, including both internal valuations and any appraisals performed at your request.

13.    All Documents which you intend to introduce as Exhibits at any hearing(s) on the Stay Relief Motion.

14.    All Documents including electronically stored information provided to any expert witness(es) you have retained with respect to the Stay Relief Motion.

15.    All Documents including electronically stored information which support your allegations in the Stay Relief Motion.

16.    All Documents including electronically stored information reflecting or relating to the past, current, or future revenues, expenses, cash flow, or other financial performance of the Debtors or the Resort, including but not limited to any feasibility analysis that has been performed for the Debtors, the Resort, or any or all property of the Debtors.

Exhibit A

17.    All Documents including electronically stored information reflecting any post-petition diminution in value of the Resort.

18.    All Documents including electronically stored information reflecting or relating to the allegation that the Debtors lack authority to obtain debtor-in-possession financing. Stay Relief Motion, ¶14.

19.    All Documents including electronically stored information reflecting or relating to the agreement by You to accept $40 million in satisfaction of its claims.  Stay Relief Motion, p. 7, n.2.

20.    All Documents including electronically stored information reflecting or relating to unpaid post-petition trade payables, unpaid administrative debt, deferred maintenance, or any other things you assert constitute diminution in value.

21.    All Documents including electronically stored information reflecting or relating to the *Receiver's Cash Flow Analysis, included as Exhibit B to the Stay Relief Motion.*

22.    All Documents including electronically stored information reflecting or relating to your allegation that BVI creditors "have little understanding of, much less regard for, the U.S. Bankruptcy Code."

23.    All Documents including electronically stored information reflecting or relating to your allegation that FirstBank's liens encumber all property of the Debtor, including cash in U.S. bank accounts and revenue generated from the Resort.

Exhibit A

24.    All Documents including electronically stored information referred to, relied upon, or utilized in the preparation of your responses to the Debtors' First Set of Interrogatories to Firstbank Puerto Rico, served contemporaneously with these Requests.

Exhibit A

Dated:  December 20, 2013

/s/

Harley E. Riedel (Fla. Bar No. 183628)
Charles A. Postler (Fla. Bar No. 455318)
Daniel R. Fogarty (Fla. Bar No. 0017532)
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone:    (813) 229-0144
Facsimile:     (813) 229-1811
Email:          hriedel@srbp.com
                    cpostler@srbp.com
                    dfogarty@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the DEBTORS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO FIRSTBANK PUERTO RICO

has been furnished by hand-delivery, fax, and/or electronic mail on December 20, 2013

to:

W. Keith Fendrick, Esq.
keith.fendrick@hklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa St., Suite 4100
Tampa, FL 33602
Fax: 813-229-0134

Nicole Peair, Esq.
U.S. Trustee
FAX    813.228.2303
nicole.w.peair@usdoj.gov

Adam L. Alpert, Esq.
Bush Ross, P.A.
FAX    813.223.9620

12

Exhibit A

aalpert@bushross.com

Carren B. Shulman, Esq.
Sheppard, Mullin, Richter & Hampton LLP
cshulman@sheppardmullin.com
FAX    212.655.1740

Robert B. Glenn, Esq.
Glenn Rasmussen, P.A.
FAX    813.229.5946
rglenn@glennrasmussen.com

Elizabeth A. Green (Liz)
Baker & Hostetler LLP
Fax:    407.841.0168
E-Mail: egreen@bakerlaw.com

/s/
Daniel R. Fogarty (Fla. Bar No. 0017532)

H:\User\Scrub Island Development Group Limited\Misc\RFP to FirstBank v3.docx

13

Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,

SCRUB ISLAND CONSTRUCTION
LIMITED,

Debtors.
_____/

Chapter 11

Case No. 8:13-bk-15285-MGW

Jointly Administered with

Case No. 8:13-bk-15286-MGW

## DEBTORS' FIRST SET OF INTERROGATORIES
## TO FIRSTBANK PUERTO RICO

TO:   FIRSTBANK PUERTO RICO
      c/o W. Keith Fendrick, Esq.
      keith.fendrick@hklaw.com
      HOLLAND & KNIGHT LLP
      100 N. Tampa St., Suite 4100
      Tampa, FL 33602
      Fax: 813-229-0134

Scrub Island Development Group Limited and Scrub Island Construction Limited, by and through their undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 7033 of the Federal Rules of Bankruptcy Procedure, hereby serve their First Set of Interrogatories to FirstBank Puerto Rico and request that FirstBank Puerto Rico answer fully, in writing, and under oath, each of the following interrogatories within seven (7) days of the date of these Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

A.    The term "all" includes the word "any" and "any" includes the word "all."

B.    The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request facts, documents, or electronically stored information which might otherwise be construed to be outside its scope.

C.    "An "Affiliate" of a person means an individual or entity directly or indirectly controlling or controlled by such person or directly or indirectly under common control with such person.

D.    "Bankruptcy Case" means the jointly-administered chapter 11 bankruptcy cases of the Debtors, Case No. 8:13-bk-15285.

E.    "Communication" or "Contact" includes, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, both communications and statements which are face-to-face and those which are transmitted by media such as intercoms, telephones, television or radio.

F.    The term "concerning" means concerning, evidencing, referring to, arising from, connected with, commenting on, responding to, showing, describing, analyzing, reflecting or constituting.

G.    "Debtors" means Scrub Island Development Group Limited and Scrub Island Construction Limited, as well as any past or present individuals, agents, employees, officers, directors, shareholders and all other persons acting or purporting to act on their behalf.

H.    "Document" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure including, but not limited to, all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, e-mails and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, video tape, recordings, motion pictures, plans, drawings, surveys).

I.    The term "each" includes the word "every" and "every" includes the word

2

"each."

    J.     "Electronically Stored Information" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure including, but not limited to, all electronic, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings), metadata, and information stored on a computer, laptop, hand-held computer device, disk, CD, DVD, and any mechanical recording or production of any oral material.

    K.     The term "identify" when used with respect to a document or electronically stored information means: (1) to specify the nature of the document or electronically stored information (e.g., letter, memorandum, etc.); (2) to state the date appearing on the document or electronically stored information, or if no date appears, the date on which such document or electronically stored information was prepared; (3) to describe in general the subject matter of the document or electronically stored information; (4) to identify each person who wrote, typed, signed, dictated, or otherwise participated in the preparation of the document or the electronically stored information; (5) to identify each person who was an addressee and all other persons receiving copies of the document or electronically stored information; (6) if the document or electronically stored information now exists, to identify each person having custody of the document or electronically stored information; and (7) if the document or electronically stored information does not now exist, to identify the person, date, time, and manner of the disposition.

    L.     The term "identify" when used with respect to a person or persons or an individual or individuals, means: (1) to state the name, and present or last-known business and home address(es) and telephone number(s) of each such person or individual; (2) to state the name of the present or last-known employer, place of employment or business, and job title; and (3) if each such person or individual was affiliated at any time with any party to this litigation, by employment or other contractual relationship, stock ownership or otherwise, to state the nature and dates of such affiliation.

    M.     The term "identify" when used with respect to a statement, contact or communication means: (1)to state whether it was written or oral, and if written to identify each document comprising or evidencing such statement, contact or communication; (2) to state the date and place of such statement, contact or communication; (3) to identify each individual participating therein and each individual who was present at the place or places of such statement, contact or communication; and (4) to state what was said by each participant in the course of such statement, contact or communication, or, if not known or recalled by you, the substance of such statement, contact or communication.

    N.     The term "identify" when used with respect to an act, incident, event, conduct, occurrence or dealing(s) means, without limitation: (1) to state the date(s) and place(s) thereof; (2) to identify all individuals involved and the nature of their

involvement and all witnesses thereto; (3) to identify all communications pertaining thereto; (4)to provide a description and to state the substance thereof; and (5)to state the effect, result or disposition thereof.

O.    The term "individual" means any natural person.

P.    The term "Person(s)" means any natural person, firm, corporation, partnership, sole proprietorship, estate, trust estate, business trust, joint venture, association, group, organization, or definable entity or any agent thereof.

Q.    The term "Receiver" means Meade Malone of MWM Corporate Services Limited, as well as individuals, agents, employees, attorneys, and all other persons acting or purporting to act on his behalf

R.    The term "referring" or "relating" to any given subject, when used to specify a document or electronically stored information, means any document or electronically stored information that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

S.    The term "Resort" means the Scrub Island Resort, Spa & Marina.

T.    The term "Stay Relief Motion" means the Motion of FirstBank Puerto Rico for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code filed by You in the Bankruptcy Case on December 14, 2013 (Doc. No. 69).

U.    The term "you" or "your" includes: FirstBank Puerto Rico, and any past and present individuals, officers, directors, employees, independent contractors, representatives, agents, trustees, accountants, appraisers, attorneys, or other professionals of FirstBank Puerto Rico, and all other persons acting or purporting to act on its behalf.

V.    Any word written in the singular herein shall be construed as plural or *vice versa* when necessary to facilitate the response to any Request.

W.    Every Request herein shall be deemed a continuing Request and you shall supplement your answers promptly if and when you obtain responsive facts, documents, or electronically stored information which add to or are in any way inconsistent with your initial production.

X.    These discovery requests are not intended to be duplicative. All Requests should be responded to full and to the extent not covered by other Requests. If there are documents or electronically stored information that are responsive to more than one Request, then please so note and produce each such document or electronically stored information first in response to the Request that is more specifically directed to the subject matter of the particular document or electronically stored information.

4

Y.    The documents and electronically stored information produced in response to this Request shall be organized and designated to correspond to the categories in the Request and produced in a form that accurately reflects how they are maintained by you in the normal course of business. All documents and electronically stored information which cannot be produced as legible copies shall be produced in their original form.

Z.    Electronically Stored Information including emails should be produced in a format that is searchable. For ease of processing, Electronically Stored Information should be provided in native, pst and Tif (Tiff) formats, ideally with a "Summation" loadfile and extracted OCR file in the same directory. Tif (Tiff) Documents should have a DII load file, and a .dat file containing all available metadata. All .dat files should also include a Custodian file to identify who the production originated from. Processed e-mails should show parent/child relationships within the load file or accompanying dat file, and include all related attachments.

AA.    If you claim that any document or electronically stored information responsive to this Request has been lost or destroyed, or it is otherwise unavailable, describe and identify the document or electronically stored information by stating in writing the name(s) of the author(s), the name(s) of the person(s) receiving the original and all copies, the date and subject matter, the circumstances under which it was lost, destroyed or otherwise became unavailable, and your efforts to locate it.

BB.    If answering this Request, you claim any ambiguity in interpreting the Request or a definition or an instruction applicable thereto, you shall not utilize such claim as a basis for refusing to respond but you shall set forth in your response that language claimed to be ambiguous and the interpretation chosen or used by you in responding to the Request.

CC.    When production of any document or electronically stored information in your possession is requested, such request includes documents and electronically stored information subject to your possession, custody, or control. In the event that you are able to provide only part of the document or electronically stored information called for in any particular Request, provide all document or electronically stored information that you are able to provide and state the reason, if any, for the inability to provide the remainder of the document or electronically stored information.

DD.    With respect to each document which you presently intend to withhold from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

    (i)        the name and title of the author and/or sender and the name and title of the recipient;

    (ii)        the date of the document's origination;

Exhibit A

(iii)    the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

(iv)    the name and position, if any, of each person to whom the contents of the documents have previously been communicated by copy, exhibition, reading or substantial summarization;

(v)    a statement of the specific basis upon which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

(vi)    the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in the subparagraphs above.

## TIME PERIOD

Unless otherwise indicated, these Interrogatories refer to the period from January 1, 2010, through and including the present date.

## INTERROGATORIES

1.    Identify all documents including electronically stored information which you believe concerns, refers, or relates to the allegations in the Stay Relief Motion.

ANSWER:

6

2.      Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications between you and James Talton.

ANSWER:

3.      Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications between you and Martin Smith.

ANSWER:

7

4.    Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications between you and Bettina Grimsley.

ANSWER:

5.    Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications by and between you and the Receiver, or any other party you contacted or communicated with to serve or potentially act as a receiver with respect to the Resort or the Debtors.

ANSWER:

8

6.    Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications by and between you and any third party related to the Debtors, the Resort, or your claims against the Debtors and the Resort, including but not limited to (a) any potential purchaser of your claim(s) against the Debtor or of the Resort, or (b) any party engaged by You to act as a broker, finder, investment banker, or agent to solicit offers for the sale of Your claim(s) against the Debtors or the sale of the Resort.

ANSWER:

7.    Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications by and between You and any creditors, vendors, suppliers, customers, utility providers, contracting parties, employees, or other actual or potential creditors of the Debtors.

ANSWER:

9

8.    Describe with specificity all facts supporting the Stay Relief Motion.

ANSWER:

9.    Identify each person who participated in preparing your response to each of these Interrogatories, and the Request for Production.

ANSWER:

10

10.    Identify all witnesses who you intend to call at trial on the Stay Relief Motion, and set forth in summary form the testimony to be provided by each such witness.

ANSWER:

11.    Identify all experts who you intend to utilize in this case, and set forth a summary of the data, documents, including electronically stored information, provided to each, as well as the opinions and testimony to be provided by each such witness and the factual basis for such opinions.

ANSWER:

11

12.    Identify and state the basis for any lien or security interest in any property of the Debtors, by type of property and location of property (i.e., real property, tangible personal property, rents, bank accounts, etc.) including the basis for the attachment and perfection of any lien or security interest.

ANSWER:

13.    Identify and state the basis for, and describe with specificity all facts which support, your allegation that there has been or will be any post-petition diminution in value of the Resort.

ANSWER:

12

14.    Identify and state the basis for your claim that the Debtors lack authority to obtain debtor-in-possession financing.

ANSWER:

15.    Identify and state the basis for your claim that the Debtors are unable to qualify for the new value exception to the absolute priority rule, including what new value would constitute sufficient value for purposes of the absolute priority rule.

ANSWER:

16.    Identify the terms you contend would constitute fair and equitable treatment of your claims in the Bankruptcy Case.

ANSWER:

13

I hereby swear or affirm that the foregoing is true, accurate, and correct.

FIRSTBANK PUERTO RICO

By: _____

Its: _____

STATE/COMMONWEALTH OF _____      )
                                      ) ss
COUNTY OF _____)

    Before    me,    the    undersigned    authority,    personally    appeared _____, who, being by me first duly sworn, deposes and says that _____ is authorized to execute the answers to these interrogatories and the foregoing answers are true and correct to the best of _____ knowledge and belief.

_____
AFFIANT

Sworn to and subscribed before me this _____ day of _____, _____, by _____, who is known to me or who produced _____ as identification.

_____

Print Name: _____
Notary Public, State and County Aforesaid
Commission No.: _____
My Commission Expires: _____

14

Exhibit A

Dated:  December 20, 2013

/s/ _____

Harley E. Riedel (Fla. Bar No. 183628)
Charles A. Postler (Fla. Bar No. 455318)
Daniel R. Fogarty (Fla. Bar No. 0017532)
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone:    (813) 229-0144
Facsimile:    (813) 229-1811
Email:        hriedel@srbp.com
              cpostler@srbp.com
              dfogarty@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the DEBTORS' FIRST SET

OF INTERROGATORIES TO FIRSTBANK PUERTO RICO has been furnished hand-

delivery, fax, or electronic mail on December 20, 2013 to:

W. Keith Fendrick, Esq.
keith.fendrick@hklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa St., Suite 4100
Tampa, FL 33602
Fax: 813-229-0134

Nicole Peair, Esq.
U.S. Trustee
FAX    813.228.2303
nicole.w.peair@usdoj.gov

Adam L. Alpert, Esq.
Bush Ross, P.A.
FAX    813.223.9620
aalpert@bushross.com

15

Exhibit A

Carren B. Shulman, Esq.
Sheppard, Mullin, Richter & Hampton LLP
cshulman@sheppardmullin.com
FAX    212.655.1740

Robert B. Glenn, Esq.
Glenn Rasmussen, P.A.
FAX    813.229.5946
rglenn@glennrasmussen.com

Elizabeth A. Green (Liz)
Baker & Hostetler LLP
Fax:    407.841.0168
E-Mail: egreen@bakerlaw.com


/s/
Daniel R. Fogarty (Fla. Bar No. 0017532)

H:\User\Scrub Island Development Group Limited\Misc\Interrogatory to FirstBank v3.docx

16

Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Chapter 11

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,

Case No. 8:13-bk-15285-MGW
Jointly Administered with

SCRUB ISLAND CONSTRUCTION
LIMITED,

Case No. 8:13-bk-15286-MGW

Debtors.
_____/

## FIRSTBANK PUERTO RICO'S RESPONSES AND OBJECTIONS
## TO DEBTORS' REQUEST FOR PRODUCTION OF DOCUMENTS

FirstBank Puerto Rico ("FirstBank"), responds and objects to Debtor's Request for
Production of Documents to FirstBank Puerto Rico as follows:

### GENERAL OBJECTIONS

1.      FirstBank objects to each request because each request is for documents from
January 1, 2010 through December 20, 2013, and the Debtors know that almost all of that time
period is irrelevant to the issues currently set for hearing before the Court on January 15, 2014.

2.      FirstBank objects to each request to the extent it calls for the disclosure of any
privileged information including, without limitation, attorney-client and work-product
information.

3.      FirstBank objects to each request that calls for any information prepared in
anticipation of litigation or for trial.

4.      FirstBank objects to each request that calls for any information reflecting the
mental impressions, conclusions, opinions, or legal theories of any attorney of FirstBank.

5.      FirstBank objects to each request to the extent that it seeks to require disclosure of
any confidential, commercial, or proprietary information.

6.     FirstBank objects to the extent these requests seek information that is stored on back-up tapes or other inaccessible electronic storage because of the undue burden or cost.

7.     FirstBank objects to these requests to the extent they seek documents or information already in the possession of or available to Debtors, and objects to the requested time and place of the production.

8.     FirstBank responds to the requests subject to the accompanying objections, without waiving and expressly preserving all such objections including, but not limited to:  (a) the right to object to the relevancy, competency and admissibility in this action or any other related action; (b) the right to object to the use of any information or documents produced in any subsequent proceeding or trial of this or any other action on any grounds; (c) the right to object on any ground at any time to a demand for further response to the Request to Produce; (d) the right to further supplement and/or amend these responses based upon discovery of additional information or documents; and (e) the attorney-client and work-product privileges.   Any inadvertent production of any privileged information or documents shall not constitute a waiver of said privileges.

9.     FirstBank has not completed the discovery process nor completed preparation for trial.  Accordingly, additional evidence may be discovered that may affect these responses.

10.     FirstBank will produce the documents that it is agreeing to produce at a time and place convenient to counsel.  FirstBank's agreement to produce a class of documents does not mean that such documents now exist or actually can be located.

11.     FirstBank reserves the right to produce in redacted form documents that contain matter that is privileged, otherwise immune from discovery or irrelevant to the subject matter of this action, but that also contain matter subject to production in accordance with the conditions,

2

#26940296_v1

Exhibit B

limitations and objections herein.  In the case of such documents that contain matter that is privileged or otherwise immune from discovery, production in redacted form will be made only if counsel for the FirstBank determines that such production can be made without disclosing the privileged or immune matter.

12.    To the extent any documents may be produced in response to any request, no documents will be produced until there is a mutually agreeable confidentiality agreement or order if needed to protect confidential, proprietary, or business records.

13.    FirstBank  objects to the Debtors' instructions to the extent Debtors seek to require FirstBank to produce documents both by corresponding Request and as those documents are maintained in the normal course of business.  FirstBank shall produce any documents in accordance with the Federal Rules of Civil Procedure.

FirstBank's responses are made subject to the foregoing objections. FirstBank specifically incorporates each of the foregoing Objections into each and every response to the specific requests.   Each of the following specific responses is subject to and without waiver of FirstBank's General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

1.    All loan documents, whenever executed, related to the Debtors.

**Response:**    FirstBank will produce any responsive, non-privileged documents.

2.    All charges, liens, assignments, and security instruments, whenever executed, which you contend provides for a lien to You on any property of the Debtors.

**Response:**    FirstBank will produce any responsive, non-privileged documents.

3.    The complete loan file(s) related to your claims against the Debtors, including but not limited to all minutes of Your committee and board meetings and all of Your internal

3

#26940296_v1

Exhibit B

correspondence.

**Response:**   FirstBank objects to the request to produce committee minutes and board meetings as irrelevant.   Otherwise, FirstBank will produce any responsive, non-privileged documents.

4.     All Documents including electronically stored information reflecting or relating to communications by and between You and James Talton.

**Response:**   FirstBank objects to the request as not likely to lead to the discovery of admissible evidence regarding the matters currently set for hearing in this case on January 15, 2014, to which these Requests are directed.

5.     All Documents including electronically stored information reflecting or relating to communications by and between You and Martin Smith.

**Response:**   FirstBank objects to the request as not likely to lead to the discovery of admissible evidence regarding the matters currently set for hearing in this case on January 15, 2014, to which these Requests are directed.

6.     All Documents including electronically stored information reflecting or relating to communications by and between You and Bettina Grimsley.

**Response:**   FirstBank objects to the request not likely to lead to the discovery of admissible evidence regarding the matters currently set for hearing in this case on January 15, 2014, to which these Requests are directed.

7.     All Documents including electronically stored information reflecting or relating to communications by and between You and Joe C. Collier, III, Julianne Corlew, or the Debtors.

**Response:**   FirstBank object to this request as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence regarding the matters currently set for

#26940296_v1

Exhibit B

hearing in this case on January 15, 2014, to which these Requests are directed.

      8.      All Documents including electronically stored information reflecting or relating to communications by and between You and the Receiver, or any other party you contacted or communicated with to serve or potentially act as a receiver with respect to the Resort or the Debtors.

**Response:**      FirstBank will produce any responsive, non-privileged documents.

      9.      All Documents including electronically stored information reflecting or relating to communications by and between You and any third party related to the Debtors, the Resort, or your claims against the Debtors and the Resort, including but not limited to (a) any potential purchaser of your claim(s) against the Debtor or of the Resort, or (b) any party engaged by You to act as a broker, finder, investment banker, or agent to solicit offers for the sale of Your claim(s) against the Debtors or the sale of the Resort.

**Response:**      FirstBank object to this request as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence regarding the matters currently set for hearing in this case on January 15, 2014, to which these Request are directed.

      10.      All Documents including electronically stored information reflecting or relating to communications by and between You and any creditors, vendors, suppliers, customers, utility providers, contracting parties, employees, or other actual or potential creditors of the Debtors.

**Response:**      FirstBank object to this request as overly broad and unduly burdensome.

      11.      All Documents including electronically stored information reflecting or relating to communications by and between the Receiver and any creditors, vendors, suppliers, customers, contracting parties, employees, or other actual or potential creditors of the Debtors.

**Response:**      FirstBank will produce any responsive, non-privileged documents.

#26940296_v1

Exhibit B

12.     All Documents including electronically stored information reflecting or relating to the value of the Resort, including both internal valuations and any appraisals performed at your request.

**Response:**     FirstBank will produce any responsive, non-privileged documents.

13.     All Documents which you intend to introduce as Exhibits at any hearing(s) on the Stay Relief Motion.

**Response:**     Except for the Forbearance Agreement, FirstBank has not yet made a determination as to what Exhibits it intents to introduce at any hearing(s) on the Stay Relief Motion.

14.     All Documents including electronically stored information provided to any expert witness(es) you have retained with respect to the Stay Relief Motion.

**Response:**     FirstBank will produce all responsive, non-privileged documents.

15.     All Documents including electronically stored information which support your allegations in the Stay Relief Motion.

**Response:**     FirstBank will produce any responsive, non-privileged documents.

16.     All Documents including electronically stored information reflecting or relating to the past, current, or future revenues, expenses, cash flow, or other financial performance of the Debtors or the Resort, including but not limited to any feasibility analysis that has been performed for the Debtors, the Resort, or any or all property of the Debtors.

**Response:**     FirstBank object to this request as overly broad and unduly burdensome.

17.     All Documents including electronically stored information reflecting any post-petition diminution in value of the Resort.

**Response:**     To the extent any currently exist, FirstBank will produce any responsive, non-

6

#26940296_v1

privileged documents.

18.    All Documents including electronically stored information reflecting or relating to the allegation that the Debtors lack authority to obtain debtor-in-possession financing. Stay Relief Motion, ¶14.

**Response:**    FirstBank objects to this request because it requires legal analysis and a legal conclusion which are privileged.

19.    All Documents including electronically stored information reflecting or relating to the agreement by You to accept $40 million in satisfaction of its claims. Stay Relief Motion, p. 7, n.2.

**Response:**    FirstBank will produce any responsive, non-privileged documents, though none exist.

20.    All Documents including electronically stored information reflecting or relating to unpaid post-petition trade payables, unpaid administrative debt, deferred maintenance, or any other things you assert constitute diminution in value.

**Response:**    FirstBank will produce any responsive, non-privileged documents, though none exist.

21.    All Documents including electronically stored information reflecting or relating to the *Receiver's Cash Flow Analysis, included as Exhibit B to the Stay Relief Motion.*

**Response:**    FirstBank will produce any responsive, non-privileged documents, though none exist.

22.    All Documents including electronically stored information reflecting or relating to your allegation that BVI creditors "have little understanding of, much less regard for, the U.S. Bankruptcy Code."

#26940296_v1

**Response:**     FirstBank will produce any responsive, non-privileged documents, though none exist.

23.     All Documents including electronically stored information reflecting or relating to your allegation that FirstBank's liens encumber all property of the Debtor, including cash in U.S. bank accounts and revenue generated from the Resort.

**Response:**     FirstBank has previously produced these documents to Debtors.

24.     All Documents including electronically stored information referred to, relied upon, or utilized in the preparation of your responses to the Debtors' First Set of Interrogatories to FirstBank Puerto Rico, served contemporaneously with these Requests.

**Response:**     Any responsive, non-privileged documents shall be produced, but not separately designated based upon the work-product privilege.

HOLLAND & KNIGHT LLP

_____

W. Keith Fendrick, Esq.
Florida Bar No. 0612154
keith.fendrick@hklaw.com
Michael P. Maguire
Florida Bar No. 84449
michael.maguire@hklaw.com
100 N. Tampa St., Suite 4100
Tampa, FL 33602
Phone: 813-227-8500;
Fax: 813-229-0134
*Attorneys for FirstBank Puerto Rico*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2014, a true and correct copy of the foregoing instrument was served by facsimile and electronic mail on the following:

Charles A. Postler, Esq. and Harley E. Riedel, Esq., Attorneys for the Debtors
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street – Suite 200

8

#26940296_v1

Tampa, FL 33602

_____
Attorney

#26940296_v1

Exhibit B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,

SCRUB ISLAND CONSTRUCTION
LIMITED,
                    Debtors.

_____/

Chapter 11

Case No. 8:13-bk-15285-MGW
Jointly Administered with

Case No. 8:13-bk-15286-MGW

## NOTICE OF SERVING ANSWERS TO FIRST SET OF INTERROGATORIES

FirstBank Puerto Rico, in its capacity as the primary secured creditor of the Debtors in the above-captioned chapter 11 cases, by and through its undersigned counsel, hereby gives notice of serving its answers to Debtors' First Set of Interrogatories.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been furnished on this 3rd day of January, 2014, via facsimile and electronic mail to:

Charles A. Postler, Esq. and Harley E. Riedel, Esq., Attorneys for the Debtors
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street – Suite 200
Tampa, FL 33602

HOLLAND & KNIGHT LLP

W. Keith Fendrick, Esq.
Florida Bar No. 0612154
keith.fendrick@hklaw.com
Michael P. Maguire
Florida Bar No. 84449
michael.maguire@hklaw.com
100 N. Tampa St., Suite 4100
Tampa, FL 33602
Phone: 813-227-8500
Fax: 813-229-0134
*Attorneys for FirstBank Puerto Rico*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Chapter 11

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,

Case No. 8:13-bk-15285-MGW
Jointly Administered with

SCRUB ISLAND CONSTRUCTION
LIMITED,
                Debtors.

Case No. 8:13-bk-15286-MGW

_____/

## FIRSTBANK PUERTO RICO'S RESPONSES AND OBJECTIONS TO DEBTORS' FIRST SET OF INTERROGATORIES

FirstBank Puerto Rico ("FirstBank"), in its capacity as the primary secured creditor of the Debtors[1] in the above-captioned chapter 11 cases, responds to Debtors' First Set of Interrogatories to Defendant FirstBank as follows:

### GENERAL OBJECTIONS

1.      FirstBank objects to the interrogatories to the extent they are overbroad and designed to be unduly burdensome in that Debtors are requesting information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

2.      FirstBank objects to the interrogatories to the extent that Debtors are requesting information and documents that are in the public domain or are in Debtors', or their counsel's or agent's, custody, possession or control.

3.      FirstBank objects to the interrogatories to the extent they seek production of privileged information or documents in the possession of a person or entity's attorney.

4.      FirstBank objects to the interrogatories to the extent they purport to impose obligations on FirstBank greater than those required by the Federal Rules of Civil Procedure and/or the Rules of this Court.

---

[1] The Debtors are Scrub Island Development Group Limited and Scrub Island Construction Limited (collectively, the "Debtors").

Exhibit B

5.      FirstBank objects to each interrogatory to the extent it purports to require production of privileged information including, without limitation, information protected by the attorney-client privilege, information protected by the attorney work-product doctrine or other information that is otherwise not subject to discovery under the Federal Rules of Civil Procedure, the rules of evidence, or the rules of professional conduct. FirstBank does not intend to, and expressly does not, waive any such privilege in producing information or documents pursuant to these interrogatories.

6.      FirstBank objects to the interrogatories to the extent they seek confidential and/or proprietary information.

7.      FirstBank objects to the search of offsite or other backup or archival data storage.

8.      FirstBank responds to the interrogatories subject to the accompanying objections, without waiving and expressly preserving all such objections including, but not limited to: (a) the right to object to the relevancy, competency and admissibility in this action or any other related action; (b) the right to object to the use of any information or documents produced in any subsequent proceeding or trial of this or any other action on any grounds; (c) the right to object on any ground at any time to a demand for further response to the interrogatories; (d) the right to further amend these responses based upon discovery of additional information or documents; and (e) the attorney-client and work-product privileges. Any inadvertent production of any privileged information or documents shall not constitute a waiver of said privileges.

9.      FirstBank has not completed investigation of facts related to this matter, has not completed discovery, and has not completed preparation for trial so that additional evidence may be discovered that will affect FirstBank's responses. FirstBank has endeavored to give responses on the basis of the best information available at the time and without prejudice to the introduction of subsequently discovered evidence or of information omitted through good-faith oversight.

#26952516_v1

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to and without waiving any of the foregoing general objections, FirstBank specifically objects and responds as follows:

1.      Identify all documents including electronically stored information which you believe concerns, refers, or relates to the allegations in the Stay Relief Motion.

**RESPONSE**: FirstBank objects to this interrogatory as overly broad and unduly burdensome.

2.      Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications between you and James Talton.

**RESPONSE**:  FirstBank objects to this interrogatory as not likely to lead to the discovery of admissible evidence regarding the matters currently set for hearing in this case on January 15, 2014, to which these Interrogatories are directed.

3.      Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications between you and Martin Smith.

**RESPONSE**:  FirstBank objects to this interrogatory as not likely to lead to the discovery of admissible evidence regarding the matters currently set for hearing in this case on January 15, 2014, to which these Interrogatories are directed.

4.      Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications between you and Bettina Grimsley.

**RESPONSE**:  FirstBank objects to this interrogatory as not likely to lead to the discovery of admissible evidence regarding the matters currently set for hearing in this case on January 15, 2014, to which these Interrogatories are directed.

4

5.      Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications by and between you and the Receiver, or any other party you contacted or communicated with to serve or potentially act as a receiver with respect to the Resort or the Debtors.

**RESPONSE**: FirstBank is producing any responsive documents in response to Debtors' Request for Production. The information sought by this interrogatory may be determined from those documents, and a further response to this interrogatory is therefore not required pursuant to Rule 33(d), Federal Rules of Civil Procedure.

6.      Identify, including but not limited to all documents including electronically stored information reflecting or relating to any communications by and between you and any third party related to the Debtors, the. Resort, or your claims against the Debtors and the Resort, including but not limited to (a) any potential purchaser of your claim(s) against the Debtor or of the Resort, or (b) any party engaged by You to act as a broker, finder, investment banker, or agent to solicit offers for the sale of Your claim(s) against the Debtors or the sale of the Resort.

**RESPONSE**: FirstBank objects to this Interrogatory as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence regarding the matters currently set for hearing in this case on January 15, 2014, to which these Interrogatories are directed.

7.      Identify, including but not limited to all documents including electronically stored information reflecting or relating to, any communications by and between You and any creditors, vendors, suppliers, customers, utility providers, contracting parties, employees, or other actual or potential creditors of the Debtors.

**RESPONSE**: FirstBank objects to this Interrogatory as overly broad and unduly burdensome.

8.      Describe with specificity all facts supporting the Stay Relief Motion.

#26952516_v1

**RESPONSE**: FirstBank believes the facts supporting the Stay Relief Motion are set out in detail in that Motion. Without reciting all the facts set forth in that motion, FirstBank would state that paragraphs 1-9, 13, 16-18, 22-23, 25-26,28,31-32, 39, 42, 44 and 45 set forth the facts supporting the Stay Relief Motion.

9.      Identify each person who participated in preparing your response to each of these Interrogatories, and the Request for Production.

**RESPONSE**:          Calixto Garcia-Velez (with the assistance of counsel)
                      c/o W. Keith Fendrick
                      Holland & Knight LLP
                      100 N. Tampa St., Suite 4100
                      Tampa, FL 33602
                      Phone: 813-227-8500;
                      Fax: 813-229-0134

10.      Identify all witnesses who you intend to call at trial on the Stay Relief Motion, and set forth in summary form the testimony to be provided by each such witness.

**RESPONSE**: Meade Malone,
              c/o Elizabeth Green, Baker Hostetler LLP
              200 N Orange Ave suite 2300
              Orlando, Florida 32801

              Joe Collier
              4602 Eisenhower Blvd.
              Tampa, FL 33634

              Julianne Corlew
              4602 Eisenhower Blvd.
              Tampa, FL 33634

              Any witness called by Debtors

              Any rebuttal witnesses

FirstBank has not yet determined the content or summary of any proposed witness's testimony.

11.    Identify all experts who you intend to utilize in this case, and set forth a summary of the data, documents, including electronically stored information, provided to each, as well as the opinions and testimony to be provided by each such witness and the factual basis for such opinions,

**RESPONSE**:  FirstBank has not determined whether it will call any experts.  FirstBank may call William Ted Anglyn, Anglyn Property Advisors, LLC, 10902 Crabapple Road, Suite 203, Roswell, Georgia 30075, who would testify regarding the April 3, 2012 Internal Evaluation Report.

12.    Identify and state the basis for any lien or security interest in any property of the Debtors, by type of property and location of property (i.e., real property, tangible personal property, rents, bank accounts, etc.) including the basis for the attachment and perfection of any lien or security interest.

**RESPONSE**:  FirstBank objects to this interrogatory because it partially requires legal analysis and a legal conclusion which are privileged.  The information otherwise sought by this interrogatory may be determined from documents being produced by FirstBank to Debtors, and a response to this interrogatory is therefore not required pursuant to Rule 33(d), Federal Rules of Civil Procedure.

13.    Identify and state the basis for, and describe with specificity all facts which support, your allegation that there has been or will be any post-petition diminution in value of the Resort.

**RESPONSE**:  At this time, FirstBank has not completed that analysis and is therefore unable to respond.

7

Exhibit B

14.    Identify and state the basis for your claim that the Debtors lack authority to obtain debtor-in-possession financing.

**RESPONSE**:    The Debtors have authority to obtain debtor-in-possession financing ("DIP financing") that is funded in a position that is subordinate and inferior to the secured position of FirstBank.    However, FirstBank does not believe the Debtors can obtain DIP financing that primes FirstBank's secured position or which attempts to move ahead of FirstBank by creation of a superpriority lien.

15.    Identify and state the basis for your claim that the Debtors are unable to qualify for the new value exception to the absolute priority rule, including what new value would constitute sufficient value for purposes of the absolute priority rule.

**RESPONSE**:    FirstBank objects to this interrogatory because it requires legal analysis and a legal conclusion which are privileged.

16.    Identify the terms you contend would constitute fair and equitable treatment of your claims in the Bankruptcy Case.

**RESPONSE**:    Without waiving any attorney-client or work product privilege, FirstBank believes that fair and equitable treatment would be payment in full of all amounts owed to FirstBank by Debtors or delivery of title of the property to FirstBank or its assignee in lieu of full payment.

8

Exhibit B

BY: _____

Print Name: Calixto Garcia-Velez

Title: EVP.


STATE OF Florida

COUNTY OF Dade

SWORN TO AND subscribed before me this 3rd day of January,

2014.

The Affiant, Calixto Garcia-Velez, is [ ✓ ] personally known to me or [  ] has

produced _____ as identification, which is current or has been

issued within the past five years and bears a serial number or other identifying number.


_____

Print Name: Carla Largaespada

NOTARY PUBLIC - STATE OF Florida

Commission Number: FF 055511

My Commission Expires: 09-18-2017

(Seal)

CARLA LARGAESPADA
Notary Public - State of Florida
My Comm. Expires Sep 18, 2017
Commission # FF 055511
Bonded Through National Notary Assn.


14

Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                             Chapter 11

**SCRUB ISLAND DEVELOPMENT**
**GROUP LIMITED,**                                 Case No. 8:13-bk-15285-MGW

                                                   **Jointly Administered with**

**SCRUB ISLAND CONSTRUCTION**
**LIMITED,**                                       Case No. 8:13-bk-15286-MGW

        Debtors.
_____/

**ORDER GRANTING DEBTORS' EMERGENCY**
**MOTION TO COMPEL DISCOVERY FROM FIRSTBANK**
**PUERTO RICO IN CONNECTION WITH STAY RELIEF MOTION**

        THIS CASE came on for hearing on January ___, 2014 upon the Debtors' Motion

to Compel Discovery from Firstbank Puerto Rico in Connection with Stay Relief Motion

(Doc. No. __) (the "**Motion**").  The Court having considered the Motion, together with

the record and being otherwise duly advised in the premises, it is

        **ORDERED** that:

        1.      The Motion is hereby granted.

        2.      FirstBank Puerto Rico shall provide responses and produce responsive

documents to the Disputed Requests, specifically, Requests for Production Nos. 3, 4, 5, 6,

7, and 9; Interrogatories Nos. 2-4, 6, set out in the Debtors' discovery requests dated

December 20, 2013.  FirstBank Puerto Rico shall produce all documents responsive to

the Discovery Requests not later than Monday, January 27, 2014.

Exhibit C

3.      The Court shall reserve jurisdiction to enter orders necessary to ensure compliance with this order, including such orders appropriate under Rule 37 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on _____.


_____
MICHAEL G. WILLIAMSON
United States Bankruptcy Judge

Attorney Daniel R. Fogarty is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.

H:\User\Scrub Island Development Group Limited\Orders\Continue 1-15-2014 Hrg to 2-5-2014.docx

2

Exhibit C