UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SCRUB ISLAND DEVELOPMENT GROUP LIMITED, | Case No. 8:13-bk-15285-MGW |
| | Jointly Administered with |
| SCRUB ISLAND CONSTRUCTION LIMITED, | Case No. 8:13-bk-15286-MGW |
| Debtors. _____/ | |
| SCRUB ISLAND DEVELOPMENT GROUP LIMITED, | Case No. 8:13-bk-15285-MGW |
| Applicable Debtor. _____/ | *Emergency Relief Requested* |

**DEBTOR'S EMERGENCY
MOTION FOR ORDER APPROVING POSTPETITION
AGREEMENT WITH MARRIOTT INTERNATIONAL, INC.**

SCRUB ISLAND DEVELOPMENT GROUP LIMITED, as debtor and debtor in possession ("**SIDG**" or the "**Debtor**"), by and through its undersigned attorneys, hereby files its Emergency Motion for Order Approving Postpetition Agreement with Marriott International, Inc. (the "**Motion**") and respectfully requests the entry of an order approving and authorizing the Debtor's execution and performance of a postpetition agreement with Marriott International, Inc. ("**Marriott**") as described further below. In support of this Motion, the Debtor represents as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §1408.

## Background

2. On November 19, 2013 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. Since the Petition Date, the Debtor has continued to operate its business and manage its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, although, as this Court is aware, certain property of the Debtor and of its estate is presently in the custody of a temporary operating receiver.

4. On November 20, 2013, this Court entered its Order Granting Debtor's Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) in the Debtor's Chapter 11 case [Doc. No. 9] (the "**Joint Administration Order**"). Pursuant to the Joint Administration Order, the Debtor's Chapter 11 case is being jointly administered for procedural purposes only with In re: Scrub Island Construction Limited, Case No. 8:13-bk-15286-MGW, under the lead case In re: Scrub Island Development Group Limited, Case No. 8:13-bk-15285-MGW.

5. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

6. No trustee or examiner has been appointed in these cases. On December 12, 2013, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") in these cases pursuant to Section 1102 of the Bankruptcy Code [Doc. No. 64 in the lead case].

7. SIDG is the owner of the Scrub Island Resort, Spa & Marina (the "**Scrub Island Resort**"), which is located in the British Virgin Islands and is a member of the Autograph Collection Hotels. Detailed information regarding SIDG's business and operations as well as the Scrub Island Resort can be found on SIDG's website at www.scrubisland.com and in the Debtors' Joint Chapter 11 Case Management Summary filed with the Court [Doc. No. 5 in the lead case].

### Relief Requested

8. On January 31, 2014, the Debtor and Marriott entered into an Agreement (the "**Agreement**"), a copy of which is attached hereto as Exhibit 1 and incorporated herein by this reference thereto. In essence, the Agreement sets forth the principal terms of a postpetition agreement reached between the Debtor and Marriott for the payment, in cash, of certain monthly postpetition amounts to the Debtor as described below. By this Motion, the Debtor seeks an order from the Court approving and authorizing the Debtor's execution and performance of the Agreement.

9. By way of background, Marriott and SIDG are parties to that certain Autograph Collection Hotel International Franchise Agreement, dated as of July 28, 2011 (the "**Franchise Agreement**"). Pursuant to the Franchise Agreement, SIDG is required to

pay monthly franchise fees and other expenses to Marriott (collectively, the "**Franchisor Fees/Expenses**"), which are paid in arrears. In addition, pursuant to the Franchise Agreement, Marriott and SIDG reconcile the Franchisor Fees/Expenses against monthly Marriott Rewards Program redemption amounts due to SIDG for guest stays at the Scrub Island Resort (collectively, the "**Marriott Rewards Redemption Amounts**") and, to the extent the Marriott Rewards Redemption Amounts exceed the Franchisor Fees/Expenses due to Marriott (collectively, the "**Excess Marriott Rewards Redemption Amounts**"), SIDG is issued a credit against future payment of Franchisor Fees/Expenses.

10. As of the Petition Date, the amount of outstanding prepetition Franchisor Fees/Expenses owed by SIDG to Marriott (after crediting the prepetition Marriott Rewards Redemption Amounts) was $331,274.23, as set forth on Exhibit A attached to the Agreement, which is a prepetition unsecured claim against SIDG (the "**Marriott Prepetition Claim**").[1]

11. The principal terms of the Agreement are as follows:[2]

(a) As an accommodation by Marriott during the Debtor's Chapter 11 case, Marriott will make cash payments to the Debtor, effective as of the Petition Date and for each postpetition month (or portion thereof), for all Marriott Rewards Redemption Amounts for postpetition guest stays at the Scrub Island Resort less (i) any and all Franchisor Fees/Expenses incurred by Marriott postpetition, and (ii) an estimated holdback in an amount equivalent to two months of Franchisor

---

[1] On February 3, 2014, Marriott filed proof of claim number 9 in SIDG's Chapter 11 case asserting an unsecured claim in the amount of $331,274.23.

[2] The description of the Agreement contained in this Motion is intended as a summary only and is qualified in its entirety by reference to the Agreement itself, and, to the extent there is any inconsistency between the language of the Agreement and the description thereof set forth in this Motion, the Agreement shall control any such inconsistency. Each creditor of the Debtor and party in interest should read, consider and carefully analyze the terms and provisions of the Agreement.

4

Fees/Expenses (because Franchisor Fees/Expenses are based upon revenue, such calculations may not be made by month end; therefore, for purposes of estimating the holdback, Marriott will withhold $55,000 each month or a total of $110,000 for two months) (the "Holdback"), with the Holdback to be deducted in two installments: first, from the cash payment to be made from Marriott to the Debtor for the postpetition period from the Petition Date through and including December 31, 2013 (Exhibit B attached to the Agreement sets forth the calculation of the cash payment to be made to the Debtor for that period), and second, from the cash payment to be made from Marriott to the Debtor for the postpetition period from January 1, 2014 through and including January 31, 2014.

(b)     The Debtor shall pay the Marriott Prepetition Claim to Marriott in full (less the amount of the Holdback, as long as the Debtor is then current on all postpetition amounts due under the Franchise Agreement) pursuant to a plan of reorganization to be filed by the Debtor in these cases (the "**Plan**") as agreed by Marriott and the Debtor.

(c)     The Debtor agrees to include in the Plan that, upon the effective date of the Plan, the Franchise Agreement will be assumed pursuant to Section 365 of the Bankruptcy Code and the Marriott Prepetition Claim shall then be promptly paid in full (less the amount of the Holdback, as long as the Debtor is then current on all postpetition amounts due under the Franchise Agreement) as agreed by Marriott and the Debtor.

(d)     Upon the execution of the Agreement by Marriott and the Debtor, Marriott shall pay the Debtor, by wire transfer of immediately available funds, $76,398.43 (which is $131,398.43 (the amount set forth on Exhibit B attached to the Agreement for the postpetition period from the Petition Date through and including December 31, 2013) less the first Holdback of $55,000). Upon entry of an order of the Court granting this Motion, Marriott shall pay the Debtor, by wire transfer of immediately available funds, the calculated amount for the postpetition period from January 1, 2014 through and including January 31, 2014 (less the second Holdback of $55,000).

(e)     Marriott may immediately cease making any cash payments provided for under the Agreement without further notice to the Debtor in the event any of the following occurs: (a) the Debtor fails to file a Plan that provides for the assumption of the Franchise Agreement; (b) the Plan does not provide for the prompt payment in full of the Marriott Prepetition Claim as provided in the Agreement; (c) any creditor (including but not limited to the temporary operating receiver appointed under the laws of the British Virgin Islands) obtains relief from the automatic stay authorizing such creditor to foreclose on the Scrub Island Resort or any accounts of the Debtor;

and/or (d) outstanding postpetition Franchisor Fees/Expenses exceed the Marriott Rewards Redemption Amounts (i.e., the Holdback was insufficient to ensure that Marriott has received its postpetition Franchisor Fees/Expenses).

12. The approval of the Agreement is absolutely essential to the continued success of the Debtor's business and the Debtor's ultimate ability to reorganize because the Debtor cannot operate the Scrub Island Resort without the cash payments to be made by Marriott as outlined in the Agreement.

13. Accordingly, the Debtor submits that approval of the Agreement is in the best interests of the Debtor, its estate, and its creditors.

### Request for Emergency Hearing

14. The Court currently has hearings scheduled in these cases for February 5, 2014, at 9:30 a.m. Because the cash payments to be made by Marriott to the Debtor as described herein are essential and necessary to the payment of certain of the Debtor's outstanding invoices, the Debtor would request that the Court set this Motion for hearing on the February 5, 2014 calendar. The Debtor does not believe that FirstBank Puerto Rico, the Committee or the temporary operating receiver will have any objection to this matter being scheduled for that date and time.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting this Motion, approving and authorizing the Debtor's execution and performance of the Agreement, and providing for such other and further relief as is just and proper.

Dated: February 3, 2014

/s/ Charles A. Postler
Harley E. Riedel (Florida Bar No. 183628)

Charles A. Postler (Florida Bar No. 455318)
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone:   (813) 229-0144
Facsimile:   (813) 229-1811
Email:   hriedel@srbp.com
              cpostler@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Emergency Motion for Order Approving Postpetition Agreement with Marriott International, Inc.**, with attached Exhibit 1, has been furnished on this 3rd day of February, 2014, by (i) either the Court's CM/ECF Transmission or electronic mail transmission to: Office of the United States Trustee and all other parties receiving electronic noticing in these cases, (ii) United States First Class Mail to all parties set forth on the Local Rule 1007(d) Parties in Interest Lists for these cases attached hereto, and (iii) electronic mail transmission to W. Keith Fendrick, Esq., Holland & Knight LLP, 100 North Tampa Street, Suite 4100, Tampa, Florida 33602 (keith.fendrick@hklaw.com), Elizabeth A. Green, Esq., Baker & Hostetler LLP, P.O. Box 112, Orlando, Florida 32802-0112 (egreen@bakerlaw.com), and Carren B. Shulman, Esq., Sheppard, Mullin, Richter & Hampton LLP, 30 Rockefeller Plaza, New York, New York 10112 (cshulman@sheppardmullin.com).

/s/ Charles A. Postler
Charles A. Postler

7

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:13-bk-15285-MGW<br>Middle District of Florida<br>Tampa<br>Mon Feb 3 12:13:36 EST 2014 | Scrub Island Development Group Limited<br>4602 Eisenhower Blvd.<br>Tampa, FL 33634-6359 | Official Unsecured Creditors' Committee<br>c/o Edwin G. Rice<br>Glenn Rasmussen, P.A.<br>100 S. Ashley Drive, Suite 1300<br>Tampa, FL 33602-5364 |
| Official Unsecured Creditors' Committee<br>c/o Robert B. Glenn<br>Glenn Rasmussen, P.A.<br>100 S. Ashley Drive, Suite 1300<br>Tampa, FL 33602-5364 | c/o Craig E. Rothburd, Esq.<br>Craig E. Rothburd, P.A.<br>320 W. Kennedy Blvd., Suite 700<br>Tampa, Florida 33606-1459 | End of Label Matrix<br>Mailable recipients    4<br>Bypassed recipients    0<br>Total                  4 |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:13-bk-15286-MGW<br>Middle District of Florida<br>Tampa<br>Mon Feb  3 12:14:46 EST 2014 | Scrub Island Construction Limited<br>4602 Eisenhower Blvd.<br>Tampa, FL 33634-6359 | Art Linares<br>Scrub Island LLC<br>242 Toby Hill Rd<br>Westbrook, CT 06498-3521 |
| Blue Water Traders<br>c/o Oscar Juelle<br>PMB 302 Suite 9A, B-5 Calle Tabonuco<br>Guaynabo, PR 00968 | MHLSC Management<br>c/o Michael McCann<br>3004 Georgetown<br>Houston, TX 77005-3030 | Oscar Rivera<br>664 Calle Concordia<br>San Juan, PR 00907-3509 |
| Pablo Dardet<br>P.O. Box 194925<br>San Juan PR 00919-4925 | Thomas Frederick<br>10705 Lake Alice Cove<br>Odessa, FL 33556-4947 | United States Trustee<br>C/O Denise E Barnett, Esq<br>501 East Polk St Ste 1200<br>Tampa, FL 33602-3945 |

End of Label Matrix
Mailable recipients    8
Bypassed recipients    0
Total                  8

**EXHIBIT 1**

## AGREEMENT

THIS AGREEMENT (this "Agreement") is made and entered into as of this 31st day of January, 2014, by and between **Marriott International, Inc.**, a Delaware corporation (the "Franchisor"), and **Scrub Island Development Group Limited**, a company incorporated under the laws of the British Virgin Islands (the "Franchisee"). Franchisor and Franchisee are sometimes referred to below individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, on November 19, 2013 (the "Petition Date"), Franchisee commenced a voluntary case for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court"), which case has been assigned Case No. 8:13-bk-15285-MGW (the "Bankruptcy Case");

WHEREAS, Franchisee is the owner of the Scrub Island Resort, Spa & Marina, a member of the Autograph Collection in the British Virgin Islands (the "Resort");

WHEREAS, Franchisor and Franchisee are parties to that certain Autograph Collection Hotel International Franchise Agreement, dated as of July 28, 2011 (the "Franchise Agreement");

WHEREAS, pursuant to the Franchise Agreement, Franchisee is required to pay monthly franchise fees and other expenses to Franchisor (collectively, the "Franchisor Fees/Expenses"), which are paid in arrears;

WHEREAS, pursuant to the Franchise Agreement, the Parties reconcile the Franchisor Fees/Expenses against monthly Marriott Rewards Program redemption amounts due to Franchisee for guest stays at the Resort (collectively, the "Marriott Rewards Redemption Amounts") and, to the extent the Marriott Rewards Redemption Amounts exceed the Franchisor Fees/Expenses due to Franchisor (collectively, the "Excess Marriott Rewards Redemption Amounts"), Franchisee is issued a credit against future payment of Franchisor Fees/Expenses;

WHEREAS, as of the Petition Date, the amount of outstanding prepetition Franchisor Fees/Expenses owed by Franchisee to Franchisor (after crediting the prepetition Marriott Rewards Redemption Amounts) was $331,274.23, as set forth on Exhibit A attached hereto, which is a prepetition unsecured claim against Franchisee (the "Franchisor Prepetition Claim");

WHEREAS, Franchisee desires to pay the Franchisor Prepetition Claim to Franchisor in full pursuant to a plan of reorganization to be filed by Franchisee in the Bankruptcy Case (the "Plan") as agreed by the Parties;

WHEREAS, Franchisee agrees to assume the Franchise Agreement in the Bankruptcy Case under the Plan pursuant to Section 365 of the Bankruptcy Code; and

WHEREAS, the Parties have reached an agreement for the payment, in cash, of the postpetition Excess Marriott Rewards Redemption Amounts to Franchisee in accordance with the terms and conditions contained in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, with the intent to be legally bound, agree as follows:

1. As an accommodation by Franchisor during the Bankruptcy Case, Franchisor will make cash payments to Franchisee, effective as of the Petition Date and for each postpetition month (or portion thereof), for all Marriott Rewards Redemption Amounts for postpetition guest stays at the Resort less (i) any and all Franchisor Fees/Expenses incurred by Franchisor postpetition, and (ii) an estimated holdback in an amount equivalent to two months of Franchisor Fees/Expenses (because Franchisor Fees/Expenses are based upon revenue, such calculations may not be made by month end; therefore, for purposes of estimating the holdback, Franchisor will withhold $55,000 each month or a total of $110,000 for two months) (the "Holdback"), with the Holdback to be deducted in two installments: first, from the cash payment to be made from Franchisor to Franchisee for the postpetition period from the Petition Date through and including December 31, 2013 (Exhibit B attached hereto sets forth the calculation of the cash payment to be made to Franchisee for that period), and second, from the cash payment to be made from Franchisor to Franchisee for the postpetition period from January 1, 2014 through and including January 31, 2014.

2. Franchisee shall pay the Franchisor Prepetition Claim to Franchisor in full (less the amount of the Holdback, as long as Franchisee is then current on all postpetition amounts due under the Franchise Agreement) pursuant to the Plan as agreed by the Parties.

3. Franchisee agrees to include in the Plan that, upon the effective date of the Plan, the Franchise Agreement will be assumed pursuant to Section 365 of the Bankruptcy Code and the Franchisor Prepetition Claim shall then be promptly paid in full (less the amount of the Holdback, as long as Franchisee is then current on all postpetition amounts due under the Franchise Agreement) as agreed by the Parties.

4. Upon the execution of this Agreement, Franchisee shall file an emergency motion with the Bankruptcy Court seeking approval of the terms of this Agreement (the "Motion").

5. Upon the execution of this Agreement by the Parties, Franchisor shall pay Franchisee, by wire transfer of immediately available funds, $76,398.43 (which is $131,398.43 (the amount set forth on Exhibit B attached hereto for the postpetition period from the Petition Date through and including December 31, 2013) less the first Holdback of $55,000). Upon entry of an order of the Bankruptcy Court granting the Motion, Franchisor shall pay Franchisee, by wire transfer of immediately available funds, the calculated amount for the postpetition period from January 1, 2014 through and including January 31, 2014 (less the second Holdback of $55,000).

6. Franchisor may immediately cease making any cash payments provided for hereunder without further notice to Franchisee in the event any of the following occurs: (a) Franchisee fails to file a Plan that provides for the assumption of the Franchise Agreement; (b) the Plan does not

provide for the prompt payment in full of the Franchisor Prepetition Claim as provided in this Agreement; (c) any creditor (including but not limited to that certain receiver appointed under the laws of the British Virgin Islands) obtains relief from the automatic stay authorizing such creditor to foreclose on the Resort or any accounts of Franchisee; and/or (d) outstanding postpetition Franchisor Fees/Expenses exceed the Marriott Rewards Redemption Amounts (i.e., the Holdback was insufficient to ensure that Franchisor has received its postpetition Franchisor Fees/Expenses).

7. This Agreement may be executed in a number of identical counterparts, each of which will be deemed an original for all purposes and all of which will constitute, collectively, one agreement. Delivery of an executed signature page to this Agreement by electronic transmission will be effective as delivery of a manually signed counterpart of this Agreement.

8. This Agreement is an interim agreement pending the filing and confirmation of the Plan and shall not amend or modify the Franchise Agreement, which shall continue to be in full force and effect.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the day and year first above written.

**MARRIOTT INTERNATIONAL, INC.**

By: _____
Name: Kevin Kimball
Title: Vice President

**SCRUB ISLAND DEVELOPMENT GROUP LIMITED**

By: CIH Loft LLC,
    Its Director

By: _____
    Joe C. Collier III
    Managing Member

provide for the prompt payment in full of the Franchisor Prepetition Claim as provided in this Agreement; (c) any creditor (including but not limited to that certain receiver appointed under the laws of the British Virgin Islands) obtains relief from the automatic stay authorizing such creditor to foreclose on the Resort or any accounts of Franchisee; and/or (d) outstanding postpetition Franchisor Fees/Expenses exceed the Marriott Rewards Redemption Amounts (i.e., the Holdback was insufficient to ensure that Franchisor has received its postpetition Franchisor Fees/Expenses).

7.     This Agreement may be executed in a number of identical counterparts, each of which will be deemed an original for all purposes and all of which will constitute, collectively, one agreement. Delivery of an executed signature page to this Agreement by electronic transmission will be effective as delivery of a manually signed counterpart of this Agreement.

8.     This Agreement is an interim agreement pending the filing and confirmation of the Plan and shall not amend or modify the Franchise Agreement, which shall continue to be in full force and effect.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the day and year first above written.

**MARRIOTT INTERNATIONAL, INC.**

By: _____
Name: _____
Title: _____

**SCRUB ISLAND DEVELOPMENT GROUP LIMITED**

By:   CIH Loft LLC,
      Its Director

By:   _____
      Joe C. Collier III
      Managing Member

-3-

# EXHIBIT A

**Scrub Island**
**Marriott - Pre-Petition**

### Pre-Petition Claim

| | | |
|---|---:|---|
| MI Reward True-up - Initial Amount Billed | $ 484,805.71 | For period from 1-1-12 to 11-15-13 |
| Adjustment to MI Rewards True-up | $ (97,054.18) | For period from 1-1-12 to 11-15-13 |
| October MI Reward Redemptions | $ (94,394.28) | |
| Pre-Petition November MI Reward Redemptions | $ (17,087.90) | |
| October Franchise Fees | $ 20,052.58 | |
| October Reimbursable Expenses | $ 10,927.71 | |
| Pre-Petition November Franchise Fees | $ 13,798.52 | Pro-rated $22,997.54 for 18 days of 30 (Nov 1-18) |
| Pre-Petition November Reimbursable Expenses | $ 10,226.06 | Pro-rated $17,043.44 for 18 days of 30 (Nov 1-18) |
| Total | $ 331,274.23 | |

**EXHIBIT B**

**Scrub Island**
**Marriott - Post-Petition (November and December)**

| Post-Petition November | | | |
|---|---|---|---|
| Post-Petition November Franchise Fees | $ | 9,199.02 | Pro-rated $22,997.54 for 12 days of 30 (Nov 19-30) |
| Post-Petition November Reimbursable Expenses | $ | 6,817.38 | Pro-rated $17,043.44 for 12 days of 30 (Nov 19-30) |
| Post-Petition November and December MI Reward Redemptions | $ | (166,080.25) | $183,168.15 less $17,087.90 |
| December Franchise Fees | $ | 18,665.43 | |
| Total | $ | (131,398.43) | |