## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                              Chapter 11

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,                                      Case No. 8:13-bk-15285-MGW

                                                    Jointly Administered with

SCRUB ISLAND CONSTRUCTION
LIMITED,                                            Case No. 8:13-bk-15286-MGW

        Debtors.                                    *Emergency Relief Requested*

_____/

## JOINT EMERGENCY MOTION FOR ENTRY OF ORDER
## APPROVING "NO SHOP" AND EXCLUSIVITY
## AGREEMENT BETWEEN THE DEBTORS AND FIRSTBANK

SCRUB ISLAND DEVELOPMENT GROUP LIMITED ("**SIDG**") and SCRUB

ISLAND CONSTRUCTION LIMITED ("**SICL**" and together with SIDG, the

**Debtors**"), as debtors and debtors in possession, and FIRSTBANK PUERTO RICO

("**FirstBank**"), by and through their undersigned attorneys, hereby file this Joint

Emergency Motion for Entry of Order  Approving "No Shop" and Exclusivity Agreement

Between the Debtors and FirstBank (the "**Motion**") and respectfully request approval of

an agreement reached between the Debtors and FirstBank that FirstBank will not sell or

negotiate to sell its claims against (or loan documents with) the Debtors to any party

other than Shaner Sunshine LLC or its affiliates (collectively, "**Shaner**") through and

including April 1, 2014, as set forth in more detail herein, without the prior written

consent of the Debtors.  In support of this Motion, the Debtors and FirstBank respectfully represent as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

## Background

2.      On November 19, 2013 (the "**Petition Date**"), the Debtors filed with this Court their Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code.

3.      Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, although, as this Court is aware, certain property of SIDG and of its estate is presently in the custody of a temporary operating receiver (the "**Receiver**").

4.      On November 20, 2013, this Court entered its Order Granting Debtor's Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) in SIDG's Chapter 11 case [Doc. No. 9] (the "**Joint Administration Order**").  Pursuant to the Joint Administration Order, SIDG's Chapter 11 case is being jointly administered for procedural purposes only with In re Scrub Island Construction Limited, Case No. 8:13-bk-15286-MGW, under the lead case In re Scrub Island Development Group Limited, Case No. 8:13-bk-15285-MGW.

5.      No trustee or examiner has been appointed in these cases. On December 12, 2013, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") in these cases pursuant to Section 1102 of the Bankruptcy Code [Doc. No. 64 in the lead case].

6.      SIDG is the owner of the Scrub Island Resort, Spa & Marina (the "**Scrub Island Resort**"), which is located in the British Virgin Islands and is a member of the Marriott Autograph Collection Hotels. FirstBank asserts a senior secured claim on the real property comprising the Scrub Island Resort. This Court has had numerous hearings in these cases and is familiar with the background of the Debtors, the asserted claims of FirstBank, and the operations of the Scrub Island Resort.

7.      Since the Petition Date, the Debtors' management and staff have spent a significant amount of time in normalizing and stabilizing the Debtors' business operations (including working with the Receiver), dealing with the impact of the Chapter 11 filing, addressing day to day operational issues at the Scrub Island Resort, and interfacing with creditors, vendors, and suppliers. The Debtors have successfully maintained the Debtors' business operations and their going concern value.

## Relief Requested

8.      On December 27, 2013, this Court entered its Order Establishing Deadline for Filing Plan and Disclosure Statement [Doc. No. 102] which established a deadline of February 13, 2014 for the Debtors to file a plan and disclosure statement. On February 13, 2014, the Debtors filed an Emergency Motion for Order Extending Deadline for the Debtors to File a Plan and Disclosure Statement, requesting additional time through

March 7, 2014 to file their plan and disclosure statement, which motion was granted pursuant to an Order entered February 14, 2014 [Doc. No. 155]. Pursuant to Section 1121(b) of the Bankruptcy Code, the Debtors have the exclusive right to file a plan through and including March 19, 2014.

9.      By this Motion, the Debtors and FirstBank request this Court enter an order in substantially the form attached as Exhibit A hereto approving a "No Shop" and exclusivity agreement between the Debtors and FirstBank.

### Argument

10.     The Debtors are currently in discussions and negotiations with key creditors in these cases regarding their claims, the assumption of executory contracts, and other critical issues relating to the formulation of their plan of reorganization. At the forefront of these negotiations are discussions between the Debtors, FirstBank, and Shaner pursuant to which Shaner will become the majority equity participant in the Debtors and will contribute cash to fund a plan that will restructure the claims of FirstBank in a consensual manner. These negotiations are now very mature, and the parties believe that they are likely to result in a consensual plan. Shaner is expending significant time and money in its efforts to conduct due diligence and to document the terms of the investment in the Debtors. Based upon the pendency of these discussions, the Debtors have withheld the filing of an adversary proceeding against FirstBank that would (i) seek significant damages from FirstBank, (ii) challenge the amount and allowability of FirstBank's claims, and (iii) seek subordination of any allowed claims of FirstBank. The Debtors have also agreed to extensions of document production deadlines

and have taken no deposition testimony. It is crucial to these negotiations (and to the Debtors' business operations) that FirstBank remain the owner and holder of its claims against the Debtors to allow these claims to be restructured in accordance with the economic terms agreed by the parties. It is also crucial that all parties focus their efforts on documentation of a consensual plan rather than pursuing other exit alternatives (in the case of FirstBank), litigation (in the case of the Debtors), or other business opportunities (in the case of Shaner). As part of any consensual plan between the parties, the Debtors and their shareholders will agree to a release of claims against FirstBank and its officers, directors, and other affiliates. In consideration for the foregoing, FirstBank has agreed that, provided that the Debtors file a plan of reorganization on or before March 19, 2014, FirstBank will not sell or transfer its claims or loan documents to, and will engage in no negotiations to sell or transfer its claims or loan documents with, any third parties (other than Shaner) through and including April 1, 2014 without the Debtors' prior written consent. In addition, FirstBank will not invite or accompany any third parties to Scrub Island who have an interest in purchasing FirstBank's claims or the Scrub Island Resort. The Debtors and FirstBank have likewise agreed to a standstill in their ongoing litigation against each other, and the Debtors have agreed not to file an adversary proceeding or take depositions through April 1, 2014.

11.     This Motion seeks approval of a consensual agreement prohibiting, *inter alia*, the trading of FirstBank's claims. Bankruptcy courts have jurisdiction to prohibit claims trading, even in the absence of an agreement by the claim holder. *In re Lykes Bros S.S. Co., Inc.*, 191 B.R. 935, 936 (Bankr. M.D.Fla. 1995); *In re Ionosphere Clubs,*

*Inc.*, 119 B.R. 444, 445 (Bankr. S.D.N.Y. 1990) ("Bankruptcy courts are afforded the power to limit or prevent bankruptcy claims trading where taking such action is in furtherance of the court's exclusive jurisdiction over the administration of the debtor's estate . . ."). In addition to this Court's inherent authority under Bankruptcy Rule 3001(e)(2), Section 105 of the Bankruptcy Code also authorizes this Court to fashion appropriate remedies to protect against threatened harm to, or interference with, the sound administration of the estate, *In re Heritage Village Church & Missionary Fellowship, Inc.*, 87 B.R. 17, 19 (Bankr. D.S.C. 1988). *See also In re DJK Residential LLC, et al. (SIRVA, Inc.),* Case No. 08-10375 (JMP) (Bankr. S.D.N.Y. Feb. 5, 2008) (interim order approving notification procedures and restricting certain transfers of equity interests); *In re Dura Auto. Sys., Inc.,* Case No. 06-11202 (Bankr. D.Del. Nov. 20, 2006) (same). In this case, FirstBank has consented to the entry of the attached order, and it is well within the jurisdiction of this Court to enter it.

### Conclusion

12.    This Motion is not submitted for purposes of delay and will not prejudice any party. A prohibition on the transfer of FirstBank's claims will aid the confirmation process and will permit a consensual plan of reorganization to be brought before the Court for approval at the earliest possible time.

13.    The Debtors and FirstBank request that the Court schedule a hearing on this Motion for Monday, **March 3, 2014, at 9:30 a.m.**, at which time the Court has scheduled another matter in these cases.

6

WHEREFORE, the Debtors and FirstBank respectfully request entry of the proposed order attached as Exhibit A, and grant such other and further relief as is just and proper.

Dated:  February 28, 2014

/s/ W. Keith Fendrick (with permission)
W. Keith Fendrick (Fla Bar #0612154)
Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602
Telephone:  (813) 227-8500
Facsimile:  (813) 229-0134
Email:      keith.fendrick@hklaw.com
Attorneys for FirstBank Puerto Rico

/s/ Charles A. Postler
Harley E. Riedel (Fla Bar #183628)
Charles A. Postler (Fla Bar #455318)
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone:      (813) 229-0144
Facsimile:      (813) 229-1811
Email:          hriedel@srbp.com
                cpostler@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Joint Emergency Motion for Entry of Order Approving "No Shop" and Exclusivity Agreement Between the Debtors and FirstBank* with attached Exhibit A has been furnished by (i) the Court's CM/ECF Transmission to the Office of the United States Trustee and all other parties receiving electronic noticing in these cases, (ii) United States First Class Mail to all parties set forth on the Local Rule 1007(d) Parties in Interest Lists for these cases attached hereto, and (iii) electronic mail transmission to W. Keith Fendrick, Esq., Holland & Knight LLP, 100 North Tampa Street, Suite 4100, Tampa, Florida 33602 (keith.fendrick@hklaw.com) and Elizabeth A. Green, Esq., Baker & Hostetler LLP, P.O. Box 112, Orlando, Florida 32802-0112 (egreen@bakerlaw.com) on this 28th day of February, 2014.

/s/ Charles A. Postler
Charles A. Postler

Label Matrix for local noticing
113A-8
Case 8:13-bk-15285-MGW
Middle District of Florida
Tampa
Wed Feb 26 15:53:17 EST 2014

c/o Craig E. Rothburd, Esq.
Craig E. Rothburd, P.A.
320 W. Kennedy Blvd., Suite 700
Tampa, Florida 33606-1459

Official Unsecured Creditors' Committee
c/o Robert B. Glenn
Glenn Rasmussen, P.A.
100 S. Ashley Drive, Suite 1300
Tampa, FL 33602-5364

End of Label Matrix
Mailable recipients      3
Bypassed recipients      0
Total                    3

Official Unsecured Creditors' Committee
c/o Edwin G. Rice
Glenn Rasmussen, P.A.
100 S. Ashley Drive, Suite 1300
Tampa, FL 33602-5364

Label Matrix for local noticing
113A-8
Case 8:13-bk-15286-MGW
Middle District of Florida
Tampa
Wed Feb 26 15:57:01 EST 2014

Art Linares
Scrub Island LLC
242 Toby Hill Rd
Westbrook, CT 06498-3521

Blue Water Traders
c/o Oscar Juelle
PMB 302 Suite 9A, B-5 Calle Tabonuco
Guaynabo, PR 00968

MHLSC Management
c/o Michael McCann
3004 Georgetown
Houston, TX 77005-3030

Oscar Rivera
664 Calle Concordia
San Juan, PR 00907-3509

Pablo Dardet
P.O. Box 194925
San Juan PR 00919-4925

Thomas Frederick
10705 Lake Alice Cove
Odessa, FL 33556-4947

United States Trustee
C/O Denise E Barnett, Esq
501 East Polk St Ste 1200
Tampa, FL 33602-3945

End of Label Matrix
Mailable recipients    7
Bypassed recipients    0
Total                  7

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Chapter 11

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,                                      Case No. 8:13-bk-15285-MGW

                                                    Jointly Administered with

SCRUB ISLAND CONSTRUCTION
LIMITED,                                            Case No. 8:13-bk-15286-MGW

        Debtors.
                                            /

ORDER GRANTING JOINT EMERGENCY MOTION FOR ENTRY
OF ORDER APPROVING "NO SHOP" AND EXCLUSIVITY
AGREEMENT BETWEEN THE DEBTORS AND FIRSTBANK

THIS CASE came on for consideration by the Court on March 3, 2014, at 9:30 a.m. (the

"**Hearing**"), upon the Joint Emergency Motion for Entry of Order Approving "No Shop" and

Exclusivity Agreement Between the Debtors and FirstBank [Doc. No. _____] (the "**Motion**")[1].

The Court, having considered the record and the Motion, and having heard the arguments and

proffers of counsel at the Hearing, and for the reasons stated orally and recorded in open Court,

which shall constitute the decision of the Court, it is

        **ORDERED**:

        1.      The Motion is GRANTED.

---

[1]      Unless otherwise indicated, capitalized terms used herein shall have the meaning ascribed to such terms in
the Motion.

2. The claims transfer prohibitions, the "No Shop" agreement, and the exclusivity terms described in the Motion are approved in all respects. Without limiting the foregoing, through and including April 1, 2014:

    a.    FirstBank shall not sell, or attempt to sell, or negotiate the terms of a sale of, its claims against (or loan documents with) the Debtors with any party other than Shaner without the prior written consent of the Debtors.

    b.    FirstBank shall not negotiate with any party other than the Debtors and Shaner as to the terms of any Chapter 11 plan that would compete with a plan to be filed by the Debtors that will incorporate the economic terms of settlement term sheets that have been exchanged between the parties. Upon final documentation of the terms of the consensual plan that is currently the subject of settlement term sheets, the Debtors and FirstBank will enter into an appropriate plan support agreement.

    c.    In order to avoid disruptions to the operation of the Scrub Island Resort and the marketplace, FirstBank will not invite or accompany (or direct the Receiver to invite or accompany) any third parties to Scrub Island who have an interest in purchasing FirstBank's claims or the Scrub Island Resort.

    d.    The Debtors and FirstBank shall stand down on their existing litigation and shall suspend all deadlines pending filing of the Debtors' plan with the Court. The Court shall set revised deadlines in connection with such litigation by separate order.

3.   If the Debtors do not file a plan of reorganization on or before March 19, 2014, then the claims transfer prohibitions, the "No Shop" agreement, and the exclusivity terms described in the Motion and in this Order shall terminate without further notice.

4.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on _____.


_____
MICHAEL G. WILLIAMSON
United States Bankruptcy Judge


Attorney Charles A. Postler is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.