UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SCRUB ISLAND DEVELOPMENT
GROUP LIMITED,

SCRUB ISLAND CONSTRUCTION
LIMITED,

Debtors.
_____/

Chapter 11

Case No. 8:13-bk-15285-MGW

Jointly Administered with

Case No. 8:13-bk-15286-MGW

**DEBTORS' EMERGENCY SECOND MOTION FOR EXTENSION OF
PERIOD OF DEBTORS' EXCLUSIVE RIGHT TO SOLICIT ACCEPTANCES**

SCRUB ISLAND DEVELOPMENT GROUP LIMITED ("**SIDG**") and SCRUB ISLAND CONSTRUCTION LIMITED ("**SICL**" and together with SIDG, the **Debtors**"), hereby file their Second Motion for Extension of Period of Debtors' Exclusive Right to Solicit Acceptances (the "**Motion**"), requesting an extension of the period during which the Debtors have the exclusive right to solicit acceptances of their Joint Plan of Reorganization (Doc. No. 176) (the "**Plan**"), together with any amendments thereto, through and including the conclusion of the hearing on confirmation of the Plan. As support for their requested extension of exclusivity, the Debtors state the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The

statutory predicates for the relief requested by this Motion are Sections 1121(c)(3) and 1121(d) of the Bankruptcy Code [11 U.S.C. §§1121(c)(3) and 1121(d)].

## Background

1. These cases were commenced on November 19, 2013 (the "**Petition Date**"), presenting novel and complex issues involving more than $100 million in assets and liabilities, cross-border insolvency issues, and assertions of egregious lender misconduct and tortious activity that are now set forth in an adversary proceeding filed today with this Court. An official committee of unsecured creditors (the "**Committee**") was formed by the United States Trustee and continues in existence.

2. Shortly after the Petition Date, FirstBank Puerto Rico ("**FirstBank**") sought dismissal of these cases, relief from the automatic stay, and abstention. The Debtors sought (and obtained) injunctive relief against FirstBank halting FirstBank's foreclosure action filed in the British Virgin Islands. Evidentiary hearings were set on these various disputes on December 27, 2013, but were continued on joint motion of FirstBank and the Debtors first to January 15, 2014, then to February 5, 2014, and then to March 3, 2014, by which time FirstBank had entered into an agreement with Lance Shaner ("**Shaner**") to restructure its claims, a copy of with is attached as Exhibit "A."

3. While negotiating with FirstBank and within the 120 day exclusivity period, the Debtors also negotiated plan treatment with the Committee and Marriott International, Inc. ("**Marriott**"). These negotiations were successful, and the Debtor reached agreement on the terms of a plan with the Committee, Marriott and virtually all of the creditor constituencies.

4.  FirstBank has acknowledged the significant progress made by the Debtors during this case. Less than three months ago, on February 26, 2014, FirstBank and the Debtors filed a <u>joint</u> motion to approve a "no shop" provision. The <u>joint</u> motion advised the Court that "since the Petition Date, the Debtors' management and staff have spent a significant amount of time in normalizing and stabilizing the Debtors' business operations (including working with the Receiver), dealing with the impact of the Chapter 11 filing, addressing day to day operational issues at the Scrub Island Resort, and interfacing with creditors, vendors, and suppliers. The Debtors have successfully maintained the Debtors' business operations and their going concern value."

5.  The <u>joint</u> motion also advised the Court that the Debtors were at that time "in discussions and negotiations with key creditors in these cases regarding their claims, the assumption of executory contracts, and other critical issues relating to the formulation of their plan of reorganization. At the forefront of these negotiations are discussions between the Debtors, FirstBank, and Shaner pursuant to which Shaner will become the majority equity participant in the Debtors and will contribute cash to fund a plan that will restructure the claims of FirstBank in a consensual manner. *These negotiations are now very mature, and the parties believe that they are likely to result in a consensual plan.*" (Emphasis added).

6.  The <u>joint</u> motion noted that as a result of the likely consensual resolution, the Debtors had withheld the filing of a lender liability action against FirstBank, had agreed to extensions of document production deadlines, and had taken no deposition

3

testimony. Finally, the joint motion recited that the Debtors and FirstBank had "agreed to a standstill in their ongoing litigation against each other through April 1, 2014."

7.  Within the 120 day exclusivity period, on March 19, 2014, the Debtors filed their Joint Plan of Reorganization of Scrub Island Development Group Limited and Scrub Island Construction Limited Under Chapter 11 of Title 11, United States Code (Doc. No. 176) (the "**Plan**") and their Joint Disclosure Statement for Joint Plan of Reorganization of Scrub Island Development Group Limited and Scrub Island Construction Limited Under Chapter 11 of Title 11, United States Code (Doc. No. 177) (the "**Disclosure Statement**"). Although, unfortunately, Shaner had terminated his involvement in the case on March 15, the Plan incorporated the economic terms of FirstBank's February 7, 2014 term sheet and proposed to obtain a new plan funder to replace Shaner. <u>This has now been accomplished</u>, and the Debtors' new funding source will be appearing in the case through counsel.

8.  In summary, notwithstanding a flurry of litigation within the first several months, these cases appeared to be headed toward a consensual resolution only months ago. The Debtors have continued all day-to-day operations at the Scrub Island Resort in conjunction with an interim agreement with Meade Malone, the BVI receiver, and have, notwithstanding challenges arising from the legal disputes, generated $4.32 million in total revenues thus far in 2014, up 13.5% from 2013 year to date revenues. The Scrub Island Resort employs 140 people. The Debtors have a pending motion to approve up to $250,000 in post-petition financing, and are filing today a limited motion to borrow

$150,000 secured by a receivable from Miller-Coors. The Debtors continue to pass all Marriott quality inspection reports and fare well in surveys of hotel and resort properties.

9.  On April 29, 2014, the Debtors, FirstBank, and the Committee (collectively the "**Mediation Parties**") participated in an initial mediation conference. As a result of the preliminary conference, the mediation was adjourned to June 24, 2014, and the Mediation Parties jointly agreed to an extension of exclusivity through and including Friday, June 27, 2014. Unfortunately, the June 24, 2014 adjourned mediation session resulted in an impasse.

### Relief Requested and Grounds for Relief

10. Section 1121(c)(3) statutorily extends the exclusivity period until 180 days after the Petition Date to permit the debtor to obtain acceptances of a plan as filed. But for the filing of this Motion, the 180-day period would expire on Friday, June 27, 2014.

11. Section 1121(d)(1) of the Bankruptcy Code provides that the Court for cause may reduce or increase the 180-day period. Courts have applied a nine factor test in considering cause to extend exclusivity:

> (1) the size and complexity of the case; (2) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the fact that the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with its creditors; (7) the amount of time which has elapsed in the case; (8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an unresolved contingency exists.

*In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011).

12. Application of these factors to the Debtors' limited request supports a finding of cause to extend the exclusivity period for soliciting acceptances of the Plan. These are large and complex cases, involving more than $100 million in claims. The Debtors timely filed a Plan. They have negotiated in good faith with the various constituents in an effort to achieve consensus and to avoid what might otherwise be expensive, time-consuming, and costly litigation.

13. Continuing exclusivity to allow the Debtors to go to confirmation of the Plan will not harm creditors. If necessary, the Debtors have available debtor in possession funding for any future operating shortfalls and have the resources to increase the amount of financing amounts requested.

14. As alluded to above, the Debtors have, during these cases, tried to walk a fine line of preparing for litigation while trying to achieve a consensual resolution. On the litigation front, FirstBank has not yet completed its document production, resulting from the Debtors' December 2013 request for production of documents, although additional materials have been delivered. This delay is no fault of the Debtors. At a minimum, the Debtors will need an extension of exclusivity in order to obtain and review the documents requested almost six months ago.

15. The Debtors expect that FirstBank will oppose the requested extension, for the reasons stated in its motion to terminate exclusivity (Doc. No. 204). The Debtors have objected to FirstBank's motion, and incorporate the objection herein.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) granting this Motion; (b) extending the 180-day period during which the Debtors have the

exclusive right to solicit acceptances of a plan through the conclusion of the hearing on confirmation of the Plan, without prejudice to the Debtors' rights to seek further extension; and (c) providing such other relief as is just and proper.

/s    Harley E. Riedel
Harley E. Riedel (Fla Bar #183628)
Charles A. Postler (Fla Bar #455318)
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email: hriedel@srbp.com
cpostler@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing *Debtors' Emergency Second Motion for Extension of Period of Debtors' Exclusive Right to Solicit Acceptances* have been furnished on June 24, 2014, by either the Court's electronic CM/ECF transmission or by U.S. Mail to:

United States Trustee
LBR 1007-2 Parties in Interest Matrix

/s/ Harley E. Riedel
Harley E. Riedel (Fla Bar #183628)

```
Label Matrix for local noticing          Official Unsecured Creditors' Committee    Official Unsecured Creditors' Committee
113A-8                                   c/o Robert B. Glenn                        c/o Edwin G. Rice
Case 8:13-bk-15285-MGW                   Glenn Rasmussen, P.A.                      Glenn Rasmussen, P.A.
Middle District of Florida               100 S. Ashley Drive, Suite 1300            100 S. Ashley Drive, Suite 1300
Tampa                                    Tampa, FL 33602-5364                       Tampa, FL 33602-5364
Tue Jun 24 14:50:05 EDT 2014

Scrub Island Associates                  Thomas Frederick                           End of Label Matrix
c/o Marsha Rydberg                       c/o Craig E. Rothburd, P.A.                Mailable recipients    4
201 N. Franklin St., Ste. 1625           320 W. Kennedy Blvd., Suite 700            Bypassed recipients    0
Tampa, FL 33602-5113                     Tampa, Florida 33606-1459                  Total                  4
```

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:13-bk-15286-MGW<br>Middle District of Florida<br>Tampa<br>Tue Jun 24 14:52:47 EDT 2014 | Art Linares<br>Scrub Island LLC<br>242 Toby Hill Rd<br>Westbrook, CT 06498-3521 | Blue Water Traders<br>c/o Oscar Juelle<br>PMB 302 Suite 9A, B-5 Calle Tabonuco<br>Guaynabo, PR 00968 |
| MHLSC Management<br>c/o Michael McCann<br>3004 Georgetown<br>Houston, TX 77005-3030 | Oscar Rivera<br>664 Calle Concordia<br>San Juan, PR 00907-3509 | Pablo Dardet<br>P.O. Box 194925<br>San Juan PR 00919-4925 |
| Thomas Frederick<br>10705 Lake Alice Cove<br>Odessa, FL 33556-4947 | United States Trustee<br>C/O Denise E Barnett, Esq<br>501 East Polk St Ste 1200<br>Tampa, FL 33602-3945 | End of Label Matrix<br>Mailable recipients    7<br>Bypassed recipients    0<br>Total                  7 |

# EXHIBIT "A"

**From:** Lance Shaner [mailto:lshaner@shanercorp.com]
**Sent:** Friday, February 07, 2014 2:28 PM
**To:** Joe Collier
**Subject:** FW: Scrub LOI
**Importance:** High



*Lance T. Shaner, CEO*
1965 Waddle Road
State College, Pa  16803
PA Office Phone 814-234-4460
PA Office Fax 814-278-7295
2300 Glades Rd, Suite 360 W
Boca Raton, FL  33431
FL Office Phone 561-826-3863
FL Office Fax 561-826-3865
Cell Phone 814-880-0991
www.shanercorp.com

1

**From:** Calixto Garcia - Velez [mailto:Calixto.Garcia-Velez@firstbankfla.com]
**Sent:** Friday, February 07, 2014 1:30 PM
**To:** Lance Shaner
**Cc:** SAMUEL PASTRANA; Rolando Rodriguez; alberto.hernandez@hklaw.com; jose.casal@hklaw.com
**Subject:** Scrub LOI
**Importance:** High

Lance,

Congratulations! We have accepted your offer as outlined in the attached executed LOI. The bank's primary concern is the our ability to classify this loan as "performing" under our regulatory guidelines. As such, it is critical that your team provide us with the necessary documentation to achieve this. This may require flexibility on both our parts....

We look forward to working with your team to complete the DD and our underwriting and final approval process.

Have a great weekend.

Cali

*********************************************************** This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. ********************************************************* WARNING: Computer viruses can be transmitted via email. The recipient should check this email and any attachments for the presence of viruses. FirstBank Florida accepts no liability for any damage caused by any virus transmitted by this email. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. FirstBank Florida therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. ******************************************************* FirstBank Florida, Operations Center, 9795 South Dixie Highway, Miami, FL 33156

**Scrub Island Development
Term Sheet
Revised as of February 6, 2014**

---

**Sales price**: $37,500,000

**Down payment**: $7,500,000

**Deferred Purchase Price**: $30,000,000

**Fee over Term Loan**: 1% over Deferred Purchase Price payable at closing

**Total Facility**: $30,000,000

**Interest Rate**: 350 bps over 30 day LIBOR with a floor of 4.25%

**Interest Rate Payment**: Payment of all interest should be prefunded annually during the first 24 months starting at closing date

**Repayment of Deferred Sales Price**: Debt service on $30,000,000 comprising interest only for 24 months. From then on, principal and interest payment for the next 36 months based on an amortization period of 25 years with balloon payment at maturity, accelerated by applications of indicated net proceeds from sales of all real estate components.

**Maturity**: 5 years from closing date

**Collateral**:

1. **Mortgage Note** of $30,000,000 evidenced by a first mortgage over all real estate properties and acceptable lien to the Bank on all personal properties therein and income generated by all operations at the resort.

2. **UCC Filing**: On all assets or its equivalent in BVI

**Underwriting of Loan**: Borrower must comply with Bank's financial underwriting requirements, as reflected by current financial statements to be submitted for evaluation, prior the closing date. Bank will perform credit underwriting and analyze that the proposed Borrower has a standalone repayment ability to liquidate the loan.

**Business Plan**: Borrower to present prior to closing a fully documented business feasibility/CAPEX plan

**Construction Escrow**: Borrower to fund at closing no less than $6,000,000 for CAPEX improvements only. Funds to be controlled by Bank and advanced to Borrower upon satisfactory completion of work, as periodically certified by a bank approved engineer. Borrower must submit proposed CAPEX budget to be approved by Bank prior closing.

**Sales Price List And Related Release Price On Sale Of Real Estate**: Initial sales price list of all real estate components must be approved by the Bank before closing, as well as any related future changes. Release Price will comprise 50% over net sales proceeds of each one of the different real estate components of the resort, including Little Scrub and Big Scrub. Net sales proceeds mean gross sales price less maximum closing costs of

10% of gross sales price. Sales efforts must be evidenced and actual sales must commence by no later than month 13th after the closing date.

**Due diligence period and closing date**: 30 days from the acceptance of these terms. Closing date no later than March 15, 2014

**OV 11**: As agreed under the ROFO mechanism

**LV4 and LV5 units**: As agreed, included in sales price

**Final Approval**: These terms must be finally approved by the Board of Directors of the Bank

FirstBank of Puerto Rico

By: _____  2/7/14
    Calixto Garcia-Vélez    Date

Accepted:

By: _____  _____
    Lance T. Shaner    Date