UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SCRUB ISLAND DEVELOPMENT GROUP LIMITED, | Case No. 8:13-bk-15285-MGW |
| | Jointly Administered with |
| SCRUB ISLAND CONSTRUCTION LIMITED, | Case No. 8:13-bk-15286-MGW |
| Debtors. _____/ | |
| SCRUB ISLAND DEVELOPMENT GROUP LIMITED, | Case No. 8:13-bk-15285-MGW |
| Applicable Debtor. _____/ | *Emergency Relief Requested* |

DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN INTERIM
POSTPETITION FINANCING AND GRANT SENIOR LIENS AND
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS
PURSUANT TO 11 U.S.C. § 364(c) AND F.R.B.P. 4001

Introduction

Scrub Island Development Group Limited, as debtor and debtor in possession ("**SIDG**" or the "**Debtor**"), by and through its undersigned counsel, hereby files its Motion for Authority to Obtain Interim Postpetition Financing and Grant Senior Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. § 364(c) and F.R.B.P. 4001 (the "**Motion**"), and respectfully requests that this Court enter an order, inter alia:

(A) authorizing the Debtor to borrow up to the sum of $185,000.00 (the "**DIP Facility**") from Mainsail Property Management, LLC ("**Mainsail**") secured by a first lien interest in a

receivable due from Miller-Coors in the approximate amount of $191,000 (the "**Receivable**"), substantially in accordance with the terms of this Motion;

(B)  authorizing the Debtor, under Section 364 of the Bankruptcy Code, to obtain postpetition financing and incur postpetition indebtedness under the DIP Facility, which financing and indebtedness due and owing by the Debtor to Mainsail shall be secured by a first priority lien on and security interest in the Receivable pursuant to Section 364(c)(2) of the Bankruptcy Code;

(C)  authorizing the Debtor to grant to Mainsail, in accordance with Section 364(c)(1) of the Bankruptcy Code, a superpriority administrative expense claim having priority over any and all administrative expenses of and priority claims against the Debtor, as further described in this Motion;

(D)  modifying and, to the extent necessary, lifting the automatic stay imposed by Section 362 of the Bankruptcy Code to the extent necessary to permit Mainsail and the Debtor to implement the terms of this Motion;

(E)  scheduling a hearing on June 25, 2014, at 8:30 a.m. (the "**Hearing**"), pursuant to Bankruptcy Rule 4001 with respect to the relief requested herein for this Court to consider the entry of an interim order granting this Motion (the "**Interim Financing Order**"); and

(F)  granting the Debtor such other and further relief as the Court deems necessary, appropriate, equitable, proper, and consistent with the terms of this Motion.

### Jurisdiction and Venue

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the

relief requested herein include Sections 105, 361, 362, 363, 507 and 545 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

2. On November 19, 2013 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. Since the Petition Date, the Debtor has continued to operate its business and manage its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. On November 20, 2013, this Court entered its Order Granting Debtor's Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) in the Debtor's Chapter 11 case [Doc. No. 9] (the "**Joint Administration Order**"). Pursuant to the Joint Administration Order, the Debtor's Chapter 11 case is being jointly administered for procedural purposes only with In re: Scrub Island Construction Limited, Case No. 8:13-bk-15286-MGW, under the lead case In re: Scrub Island Development Group Limited, Case No. 8:13-bk-15285-MGW.

5. Detailed information regarding the Debtor's business and operations as well as the Scrub Island Resort (as that term is defined in the Case Management Summary) can be found on SIDG's website at www.scrubisland.com and in the Debtors' Joint Chapter 11 Case Management Summary filed with the Court [Doc. No. 5] (the "**Case Management Summary**").

### Proposed Use of Funds from the DIP Facility

6.  Miller-Coors booked the entire Scrub Island Resort for the period from June 17 – 21, 2014 and owes the Debtor approximately $191,000. Under separate agreement with Marriott International, Inc. ("**Marriott**"), Miller-Coors has thirty (30) days to make such payment to the Debtor.

7.  Mainsail will make loans to the Debtor in the amount of $185,000 to fund the Debtor's cash flow until receipt of the Receivable. Upon receipt of the Receivable, the Debtor will pay the sum of $185,000 to Mainsail.

8.  The Debtor believes that it will need to borrow the funds for, among other things, the following items: (a) payroll and related payroll expenses; (b) operational costs, including utilities; and (c) the purchase of necessary supplies and other inventory.

9.  The proposed DIP Facility will enable the Debtor to pay ongoing operating expenses and take the required actions set forth above which are necessary to maintain and improve the value of the Debtor's ongoing concern and its collateral. The Debtor cannot take the actions described above without the DIP Facility.

### Relief Requested and Grounds for Relief

10.  The Debtor submits that approval of the DIP Facility is in the best interests of the Debtor, its estate and creditors in that it provides the Debtor with additional assurance that the Debtor can continue to advance its business activities.

11.  The Debtor hereby requests authority, pursuant to Sections 364(c)(1) and 364(c)(2) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, to obtain postpetition loans, advances and other financial accommodations from Mainsail in an amount of $185,000.00 on an interim basis.

12. As additional assurance that the DIP Facility will be repaid, Mainsail will be granted and allowed a superpriority administrative expense claim in accordance with Section 364(c)(1) of the Bankruptcy Code having priority and right of payment over any and all other obligations, liabilities and indebtedness of the Debtor, now in existence or hereafter incurred by the Debtor, and over any and all administrative expenses or priority claims against the Debtor now existing or hereafter arising, of any kind or nature whatsoever.

13. The Debtor believes that the financing described herein is in its best interest and the best interest of its creditors and its estate. The Debtor's access to the financing described herein will provide the Debtor's key constituents, including vendors, suppliers, employees, and customers, with the confidence that the Debtor will have sufficient cash to allow such parties to continue to deal with the Debtor in the ordinary course of business.

14. Due to the exigent circumstances, the Debtor is unable to obtain financing from other parties. The Debtor is presently unable to obtain, in the ordinary course of business or otherwise:

    (a) pursuant to Section 364(a) or 364(b) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense;

    (b) pursuant to Section 364(c)(1) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) with priority over any or all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code;

    (c) pursuant to Section 364(c)(2) of the Bankruptcy Code, credit secured by a lien on property of the estate that is not otherwise subject to a lien;

    (d) pursuant to Section 364(c)(3) of the Bankruptcy Code, credit secured by a junior lien on property of the estate that is subject to a lien; or

(e)    credit on any basis other than that described in this Motion.

15.    After considering all of the alternatives, the Debtor has concluded, in the exercise of its business judgment, that the financing to be provided under the terms of this Motion represents the best financing available to the Debtor and is in the best interests of the Debtor, its creditors and other parties in interest.

16.    Good cause has been shown for the entry of an order granting this Motion pursuant to Bankruptcy Rule 4001(c).

17.    Mainsail and the Debtor have negotiated the terms and conditions of the DIP Facility in good faith and at arm's-length, and the terms and conditions of the DIP Facility are fair and reasonable and are supported by reasonably equivalent value. The Debtor requests that this Court find that any credit extended by Mainsail pursuant to the terms of the DIP Facility will have been extended in "good faith" (as that term is used in Section 364(e) of the Bankruptcy Code).

### Interim Approval and Irreparable Harm

18.    Bankruptcy Rule 4001 provides that a final hearing on a motion to obtain postpetition financing may not be commenced earlier than fourteen (14) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary, expedited hearing on the motion and to authorize the proposed debtor in possession financing to the extent necessary to avoid immediate and irreparable harm to a debtor's estate. Accordingly, the Debtor requests that the Court conduct a preliminary hearing on the Motion and authorize the Debtor to obtain credit pursuant to the DIP Facility to the extent necessary to avoid immediate and irreparable harm to its estate.

WHEREFORE, the Debtor respectfully requests that this Court enter an Interim Financing Order authorizing the Debtor to obtain financing and grant liens pursuant to 11 U.S.C. § 364(c) in

accordance with the terms and conditions of the DIP Facility and this Motion, authorizing the Debtor's borrowing pursuant to the terms of the Interim Financing Order and pending a final hearing pursuant to Bankruptcy Rule 4001, and granting such other and further relief as may be just and proper.

Dated: June 24, 2014

/s/ Charles A. Postler
Harley E. Riedel (Florida Bar No. 183628)
Charles A. Postler (Florida Bar No. 455318)
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone:    (813) 229-0144
Facsimile:    (813) 229-1811
Email:        hriedel@srbp.com
              cpostler@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **Debtor's Motion for Authority to Obtain Interim Postpetition Financing and Grant Senior Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §364(c) and F.R.B.P. 4001** has been furnished on this 24th day of June, 2104, by (i) either the Court's CM/ECF Transmission or electronic mail transmission to Office of the United States Trustee and all other parties receiving electronic noticing and (ii) United States First Class Mail (unless receiving CM/ECF Transmission)

to all parties set forth on the Local Rule 1007(d) Parties in Interest lists for these cases attached hereto.

/s/ Charles A. Postler
Charles A. Postler

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:13-bk-15285-MGW<br>Middle District of Florida<br>Tampa<br>Tue Jun 24 14:50:05 EDT 2014 | Official Unsecured Creditors' Committee<br>c/o Robert B. Glenn<br>Glenn Rasmussen, P.A.<br>100 S. Ashley Drive, Suite 1300<br>Tampa, FL 33602-5364 | Official Unsecured Creditors' Committee<br>c/o Edwin G. Rice<br>Glenn Rasmussen, P.A.<br>100 S. Ashley Drive, Suite 1300<br>Tampa, FL 33602-5364 |
| Scrub Island Associates<br>c/o Marsha Rydberg<br>201 N. Franklin St., Ste. 1625<br>Tampa, FL 33602-5113 | Thomas Frederick<br>c/o Craig E. Rothburd, P.A.<br>320 W. Kennedy Blvd., Suite 700<br>Tampa, Florida 33606-1459 | End of Label Matrix<br>Mailable recipients    4<br>Bypassed recipients    0<br>Total                  4 |

```
Label Matrix for local noticing        Art Linares                         Blue Water Traders
113A-8                                  Scrub Island LLC                   c/o Oscar Juelle
Case 8:13-bk-15286-MGW                  242 Toby Hill Rd                   PMB 302 Suite 9A, B-5 Calle Tabonuco
Middle District of Florida              Westbrook, CT 06498-3521           Guaynabo, PR 00968
Tampa
Tue Jun 24 14:52:47 EDT 2014

MHLSC Management                        Oscar Rivera                       Pablo Dardet
c/o Michael McCann                      664 Calle Concordia                P.O. Box 194925
3004 Georgetown                         San Juan, PR 00907-3509            San Juan PR 00919-4925
Houston, TX 77005-3030


Thomas Frederick                        United States Trustee              End of Label Matrix
10705 Lake Alice Cove                   C/O Denise E Barnett, Esq          Mailable recipients    7
Odessa, FL 33556-4947                   501 East Polk St Ste 1200          Bypassed recipients    0
                                        Tampa, FL 33602-3945               Total                  7
```